In re EDGECOMBE ROAD.

(Supreme Court, Appellate Division, First Department. November 6, 1908.)

1. ATTORNEY AND CLIENT (§ 144*)—CONTRACTS—CONSTRUCTION.

Petitioner, an attorney, agreed to appear for respondent in proceedings already pending by the city to acquire land for a street, to procure a proper award for the property; and respondent agreed to pay him 50 per cent. of whatever sum was awarded and confirmed to her for the property over and above the amount assessed for benefits against her property fronting on the proposed street; and a sum was awarded respondent for the property taken together with interest from the time the property vested in the city, which was before the contract was made, to the payment of the award. Before this proceeding was concluded the city had acquired, by purchase and condemnation for park purposes, respondent's land fronting on the proposed road, so that the amount which would have been assessable against the land, had respondent continued to own it, became assessable against the city, and no assessment for benefits was made against respondent. Held, that respondent was not entitled to deduct from the award the amount that would have been assessed against her property, had she continued to own it, and petitioner was entitled to 50 per cent. of the gross award made, including the interest on the award from the time the property vested in the city.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 144.*]

2. EMINENT DOMAIN (§ 247*)—COMPENSATION — AMOUNT — TIME FROM WHICH MADE—INTEREST.

The confirmation of an award for the taking of property by eminent domain by a city related back to the time the property vested in the city, so that interest thereon was allowable from that time.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 639; Dec. Dig. § 247.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

In the matter of proceedings for the condemnation of land for the Edgecombe Road, in which James A. Deering, attorney, claimed a lien upon an award made to Lillie J. Earle. From an order adjudging petitioner entitled to a lien in a certain sum, he appeals. Affirmed, as modified.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

John C. Shaw, for appellant.

W. B. Symmes, Jr., for respondent.

INGRAHAM, J. The question presented in this case involves the construction of an agreement dated July 13, 1896, by which the respondent employed the petitioner, an attorney and counselor at law, to appear for her in proceedings instituted by the city of New York to acquire title to certain lands for the opening of Edgecombe Road, and in such proceeding to take such action as to him may seem advisable to obtain a just and equitable award for the taking of the property. The agreement then provided:

"And in consideration of his professional services do hereby promise, assign, and agree to pay to the said Deering 50 per cent. of whatever sum shall be awarded and confirmed on account of the taking of said premises over and above the amount assessed for benefit in this proceeding against my premises fronting thereon; it being agreed and understood that, in case no award or allowance shall be made and confirmed therefor in excess of the amount so assessed, the said Deering shall receive nothing."

The appellant proceeded before the commissioners and presented proof as to the value of the respondent's property; the presentation of proof closing on June 5, 1897. On June 26, 1898, the commissioners filed their report. The corporation counsel filed objections to the report of the commissioners, and the court refused to confirm the report, and sent the case back to new commissioners. The appellant then appeared before the new commissioners, submitted additional proof in respect to the damages claimed by the respondent and others, and by the new report the commissioners awarded to the respondent the sum of $14,284.15 as the value of the respondent's land taken for the said road, which report was duly confirmed on December 4, 1907. By reason of the confirmation of this report the respondent became entitled to the sum of $14,284.15, with interest from the 28th of December, 1894, until the date of payment, and this amount was subsequently paid to the respondent, amounting in all to the sum of $25,692.42. It also appeared that in the year 1893 the city of New York purchased from the respondent the property that she owned on the west side of Edgecombe Road, and which was adjacent to the property taken by this proceeding, for a public park, and the respondent conveyed this property to the city of New York on the 21st of October, 1903. During the same year the city of New York took proceedings to acquire title to the land of the respondent on the east side of the said road as a public park, and commissioners of appraisal were appointed, and on the 9th of December, 1894, the title to this property vested in the city of New York. Before this proceeding was completed, therefore, the city

of New York had acquired title to all of the land of the respondent which was subject to assessment for benefit in this proceeding, and this respondent had no longer any land upon which an assessment could be imposed.

By section 980 of the consolidation act (chapter 410, p. 272, Laws 1882), which was continued in force by section 995 of the charter of 1897 (Laws 1897, p. 357, c. 378) being section 995 of the charter of 1901 (Laws 1901, p. 423, c. 466), it is provided, referring to proceedings to acquire title to public streets in the city of New York, that:

"It shall not be lawful to lay or impose any assessment whatever on any public park, square, place, street, road or avenue, but all assessments which may be properly payable by the city shall be assessed against it in a gross sum in each and every such proceeding."

In accordance with this provision the commissioners made no assessment against any of the property that had been acquired by the city, but assessed against the city a gross sum of $154,899.09 for and on account of the benefit of the lands owned by the city within the area of assessment. The question here presented is whether, under the agreement, the petitioner is entitled to one-half of the gross award made by the city of New York, including the interest thereon, or whether there should be deducted from the award to which the petitioner is entitled 50 per cent. of the amount which would have been assessed against the property of the respondent, had she continued to own it up to the date of the commissioners' report.

At the time that this contract was made the respondent was the owner of a strip of land through which the proposed road had been laid out, so that after the opening of the road she would own property abutting on each side of the road which would be subject to an assessment for benefit. The petitioner agreed that he would conduct this litigation for the respondent for 50 per cent. of the net amount that the respondent would receive after paying whatever assessments were imposed upon her property. The contract was that the petitioner was to receive 50 per cent. of "whatever sum shall be awarded and confirmed on account of the taking of said premises over and above the amount assessed for benefit in this proceeding against my premises fronting thereon." If no sum was assessed for benefit, and that, of course, includes a legal assessment, which would become a lien upon the property, so that the respondent would have to pay it, then, of course, there was to be no deduction from the gross sum awarded for the property taken. It is quite apparent, I think, that if the commissioners had attempted to assess upon the respondent's property a sum of money for the benefit in consequence of the opening of the road, and the assessment should have been set aside because of an irregularity, so that the respondent had not been compelled to pay it, the appellant would have been entitled to 50 per cent. of the award without any deduction. The city of New York actually acquired the fee of the property abutting on both sides of the street before any award was made to the respondent. The moment that title vested in the city of New York by provision of the charter there could be no assessment upon the respondent or upon her property. The city of New York was

compelled to pay whatever amount the commissioners would have assessed upon the property acquired by the city of New York, if the respondent had continued to own it; but there was no assessment imposed, and there could be no assessment imposed. Taking the literal meaning of the agreement, therefore, the respondent was not entitled to deduct any amount from the gross award, as nothing had been assessed upon the respondent's property.

I think that this was in accord with the intent of the parties. The respondent intended that there should be paid out of the award whatever assessment was levied upon her property, and that the balance should be equally divided between herself and the petitioner. In consequence of her sale of this property to the city of New York she will receive the entire award for the property taken, without being compelled to pay any portion of it for an assessment for benefit. So far as the interest is concerned, I think the petitioner is also entitled to 50 per cent. of that. Whenever an award was made, it related back to the time the property vested in the city. Before this contract was made the property had so vested, and the owner of the property taken would be entitled to the value of the property at the time it was taken and interest on that value down to the time of payment. As the petitioner was entitled to one-half of the award, he was entitled to it as of the date when the property was taken, and, being entitled to it at that time, he would be entitled to interest on it until the same was paid. Whether we treat the amount fixed, including the interest, as the value of the property taken, or the amount fixed for the property as the award, and the interest as an incident to the right to receive it, it amounts to the same thing, because, if the petitioner was entitled to 50 per cent. of the award when made, he would also be entitled to interest on that sum as incidental to the same until it was paid.

Our conclusion, therefore, is that the order appealed from must be modified, by awarding the petitioner one-half of the amount actually awarded for the lands taken and the interest thereon, and, as so modified, the order is affirmed, with $10 costs and disbursements to the appellant. All concur.