No. 86-156

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

LOIS A. CAMPBELL,

Plaintiff and Appellant,

-vs-

MYRON CAMPBELL, CAROL CAMPBELL,
and STANLEY J. CAMPBELL,

Defendants and Respondents.

_____

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Charles Luedke, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Cate Law Firm; Jerome J. Cate, Billings, Montana

For Respondents:

Jon A. Oldenburg, Lewistown, Montana
H. Elwood English, Billings, Montana

_____

Submitted on Briefs: July 10, 1986

Decided: September 4, 1986

Filed: SEP 4 - 1986

*Ethel M. Harrison*

_____
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Plaintiff Lois Campbell appeals the January 30, 1986, order of the Thirteenth Judicial District Court granting summary judgment in favor of defendants. We affirm.

At all times relevant to this case, Stanley and Lois Campbell were husband and wife. In 1972, Stanley and Lois had a home built on property located at 1716 Westwood Drive in Billings, Montana. The purchase price of the home was $34,000. To finance the purchase, $14,000 was borrowed from Hazel Rustuen, Lois's grandmother, who took a mortgage against the property in that amount.

Stanley and Lois experienced financial difficulties in the ensuing years. The Internal Revenue Service (IRS) filed a lien against the property for $18,098.88 for non-payment of taxes. The Montana Department of Revenue filed a lien against the property for $919.17, as did the Montana Employment Security Division in the amount of $1,494.05. In addition, Stanley and Lois owed property taxes in the amount of $5,739.06, and $673.74 for Special District Improvement assessments.

The bills went unpaid, and on November 6, 1978, the IRS filed a notice of seizure and noticed the Campbell's property for sale. A few days prior to the sale date, Myron Campbell, Stanley's brother, and other members of Stanley's family loaned $20,000 to Stanley and Lois for the purpose of satisfying the IRS lien. On the same date, Stanley and Lois signed a second mortgage and note payable to Myron in the amount of $20,000. These documents were never delivered nor recorded.

Stanley and Lois continued to have financial problems. They failed to clear the liens against their property, and did not make any mortgage payments to Lois' grandmother, who filed suit to foreclose on her mortgage. Stanley and Lois were unable to refinance, so they decided to sell their property to Myron and Carol Campbell. The buy-sell agreement was executed June 26, 1979, in the amount of $34,500. The parties agreed that Stanley and Lois would remain in the home but would be required to pay $475 monthly rental. The parties further agreed that Stanley and Lois would be permitted to buy back the home for $34,500 if they were ever in a financial position to do so.

Stanley and Lois never made any rental payments, and began to have marital difficulties. Lois filed a dissolution action, and Stanley was removed from the home by court order in May of 1983. Thereafter, Lois filed suit against Stanley, Myron and Carol on February 8, 1984. Lois' complaint alleged that the sale of the home was made by the parties with the understanding that it would be immediately reconveyed to Stanley and Lois subject to the amount of financing obtained by Myron and Carol. Lois claimed that Myron and Carol had received the property for far less than its actual value and prayed that the conveyance be set aside as fraudulent.

Myron and Carol also filed suit on February 8, 1984, to have Lois evicted from the home for failure to pay rent, to quiet title, and to collect damages. The two actions were consolidated. On February 6, 1985, the district judge granted summary judgment in favor of Myron and Carol on the issue of title and right to possession. Lois' complaint was dismissed with prejudice. Lois appeals and raises the

following issue: Whether the District Court erred in granting summary judgment?

Lois contends the District Court overlooked material issues of fact in granting summary judgment, including the following: that the sale of the home was made for the purpose of paying off the $20,000 loan to the Campbell family and the balance due on the mortgage held by Lois' grandmother; that the conveyance of the home to Myron and Carol was a method to protect it from creditors and that the agreement provided for reconveyance of the home to Stanley and Lois; that there was an agreement between Stanley and Myron whereby Myron would make the house payments in exchange for Stanley's interest in the family farm.

The depositions of the parties show Stanley and Lois sold their home because they were unable to refinance and wanted to avoid foreclosure. The buyer's closing statement reveals that Stanley and Lois had unpaid obligations of $28,881.02 on the date of sale, irrespective of the $20,000 owed to the Campbell family. Lois' claim that the home was transferred in exchange for Stanley's interest in the family farm has no support in the record.

Lois contends the transaction was a mortgage and not a sale under the case law of Montana. In Murray v. Butte Monitor Tunnel Mining Company (1910), 41 Mont. 449, 110 P. 497, this Court listed the four factors to be considered in determining whether a transaction was a mortgage and not a sale:

> 1. The transaction in its inception had for its purpose a loan, not a sale.
> 2. The grantor was in financial distress at the time of the transaction.
> 3. The price which the grantee claims he paid for the property appears to be grossly inadequate.

4

4. According to grantee's own theory, the transaction did not amount to an absolute sale, but to a conditional sale; that is, a sale with an option to grantor to repurchase.

Contrary to Lois' assertions, the value of the home was estimated by Lomas and Nettleton Company to be $58,900 on the date of closing. Although the purchase price was $34,500, Stanley and Lois had already received a $20,000 loan from Myron and other family members. Further, Myron testified that $34,500 was the maximum amount that an agency would lend for the purchase of the property. Thus, the price paid for the home was not grossly inadequate. Clearly, Myron and Carol were trying to protect their investment by purchasing the home rather than allow foreclosure.

Myron and Carol admit that Stanley and Lois had an option to repurchase under their agreement. The evidence shows Stanley and Lois were not financially able to do so. No rent was ever paid to Myron and Carol, who have been making payments on the house since 1979. Whether the option to repurchase still exists was not determined by the District Court. There is substantial evidence in the record that the June 26, 1979, transaction was a sale and not a mortgage.

Lois contends she was fraudulently induced to participate in the transaction with the false promise that the home would be deeded back to her. This contention is not supported by the facts. Stanley and Lois were in deep financial trouble. Myron and Carol were not willing to lend them any more money. Under such circumstances, Myron and Carol certainly would not assume the responsibility of making the payments on the home while surrendering the title to Stanley and Lois. Section 28-2-404, MCA, states: "Fraud is either actual or constructive. Actual fraud is always a

5

question of fact." This statute does not preclude summary judgment where there is no evidence supporting a claim of fraud. Van Ettinger v. Pappin (1978), 180 Mont. 1, 588 P.2d 988. Under Rule 56(c), Mont.R.Civ.P. summary judgment was appropriate in this case.

The District Court is affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

6