No. 86-501

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

A. KENDRICK SMITH, MAX A. HANSEN,
and W.G. GILBERT, JR.,

        Plaintiffs, Counter-Defendants
        and Respondents,

-vs-

CLINTON J. HOWERY and JACQUELINE
J. HOWERY,

        Defendants, Counter-Claimants and
        Appellants.

---

APPEAL FROM:  District Court of the Fifth Judicial District,
              In and for the County of Beaverhead,
              The Honorable Mark P. Sullivan, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Robert T. Cummins, Helena, Montana

    For Respondent:

        Schultz, Davis & Warren; Carl M. Davis, Dillon,
        Montana
        Garlington, Lohn & Robinson; Sherman V. Lohn,
        Missoula, Montana

---

Submitted on Briefs: April 17, 1987

Decided: June 25, 1987

Filed:  JUN 25 1987

*Ethel M. Harrison*

---

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal arises from a summary judgment granted plaintiffs by the District Court of the Fifth Judicial District in and for Beaverhead County. We affirm.

This appeal is but the latest in a series of actions arising from a condemnation proceeding initiated in 1979. In February of 1979, the State of Montana filed in Beaverhead County an action to condemn .76 of an acre of property belonging to Clinton and Jacqueline Howery. The State and the Howerys had been unable to agree on compensation so the suit was filed and the Howerys hired to represent them attorneys Kendrick Smith, Max Hansen and W. G. Gilbert, Jr. (hereinafter "Attorneys"). The Howerys eventually obtained a jury award in the amount of $243,475.00, a judgment affirmed by this Court in State By and Through the Dept. of Highways v. Howery (1983), 204 Mont. 417, 664 P.2d 1387.

Following that appeal, the Howerys and the Attorneys began negotiations to settle the issue of attorneys' fees. The Attorneys had undertaken this case upon a contingent fee arrangement, but the parties were in dispute whether the Attorneys were entitled to their proportional share of the pre- and post-judgment interest, costs and other fees recovered in addition to the judgment award.

After the parties were unable to reach an agreement, the Attorneys filed a complaint on July 26, 1983, alleging breach of contract and seeking payment for services rendered. An amended complaint was filed the next day.

On October 24, 1983, the District Court granted the Attorneys permission to file a second amended complaint. That complaint added a second count alleging a breach by the

Howerys of the implied covenant of good faith and fair dealing.

The Howerys responded with an answer, counterclaim and demand for jury trial. It is this counterclaim which is the subject of the present appeal. In it, the Howerys alleged the Attorneys breached the fiduciary duty owed their clients, breached the implied covenant of good faith and fair dealing and committed fraud.

On January 16, 1984, the Attorneys filed a motion for summary judgment on Count I of their second amended complaint which the District Court granted on May 14, 1984. The court found the terms of the fee contract clear, certain and unambiguous and the amount due the Attorneys fixed and not ambiguous in any way. We upheld that summary judgment in Smith v. Howery (Mont. 1985), 701 P.2d 1381, 42 St.Rep. 995. (Smith I). We too found the fee contract "clear and unambiguous." Smith I, 701 P.2d at 1383.

The Attorneys next filed a motion for summary judgment on the Howery's counterclaim. The District Court granted this motion on August 25, 1986. Following a Rule 54(b), M.R.Civ.P., certification, the Howerys filed this appeal contesting this summary judgment.[1]

A motion for summary judgment should be granted

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

---

[1] Following the District Court's order granting summary judgment on the issues raised by the counterclaim, the Attorneys moved to dismiss Count II of their second amended complaint. The District Court dismissed this count on October 21, 1986.

3

> party is entitled to a judgment as a
> matter of law.

Rule 56(c), M.R.Civ.P.

As noted, the Howerys base their counterclaim on three legal theories: violation of the fiduciary relationship, breach of the implied covenant of good faith and fair dealing and fraud. However, it appears that all these theories are based upon the same factual allegation--the alleged failure of the Attorneys to advise the Howerys that the written contingent fee contract included a proportionate amount of any interest awarded on the judgment. We agree with the District Court's conclusion that any such failure would be insufficient in law to support any of the claims made by the Howerys.

The Howerys further argue that their affidavit filed in opposition to the Attorneys' motion for summary judgment in this case raises a genuine issue as to material facts. We note that this affidavit is nearly identical to the Howerys' affidavit filed in Smith I which was found insufficient to establish any material fact issue requiring trial. While we recognize that the two affidavits were filed in conjunction with two separate and distinct legal claims, we again find that the affidavit does not establish any material factual issue.

Finally, the Howerys argue there cannot be summary judgment in any case containing an allegation of fraud. Citing § 28-2-404, MCA, and numerous state cases, the Howerys note that actual fraud is a question of fact and contend that summary judgment is therefore inappropriate.

In Campbell v. Campbell (Mont. 1986), 725 P.2d 207, 209, 43 St.Rep. 1584, 1587, we determined the invalidity of any such inference by stating:

Section 28-2-404, MCA, states: "Fraud is either actual or constructive. Actual fraud is always a question of fact." This statute does not preclude summary judgment where there is no evidence supporting a claim of fraud. [Citation omitted.] Under Rule 56(c), Mont.R.Civ.P., summary judgment was appropriate in this case.

As noted, the only factual issues claimed are insufficient to support the allegations of fraud.

The summary judgment issued by the District Court to the Attorneys is therefore affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

5