No. 89-188

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

_____

C. PAUL O'BAGY,

          Plaintiff and Appellant,

    -vs-

FIRST INTERSTATE BANK OF MISSOULA,

          Defendant and Respondent.

_____

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge Presiding.

COUNSEL OF RECORD:

    For Appellant:

        Terry A. Wallace, Missoula, Montana

    For Respondent:

        William L. Crowley; Boone, Karlberg & Haddon, Missoula,
Montana

_____

Submitted on Briefs: Nov. 2, 1989

Decided: January 9, 1990

Filed:

_____
Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

This is an appeal from an order of the District Court of the Fourth Judicial District, Missoula County, granting respondent's motion for summary judgment on the issues of bad faith and punitive damages. We affirm.

Appellant C. Paul O'Bagy and his ex-wife, Joy, sold their house in August of 1983 during the dissolution of their marriage. Don and Denise Potter obtained a loan from respondent First Interstate Bank of Missoula the proceeds of which they used to purchase the O'Bagy home. Respondent, through its employee, acted as closing agent for the sale and required the authorization of both appellant and his ex-wife prior to releasing the closing proceeds. Appellant signed the closing papers and requested that the proceeds be applied to a credit card bill with the balance paid to him and his wife.

Joy O'Bagy executed the closing papers the following day and at that time refused to approve appellant's disbursement plan. Appellant acknowledges that any disbursement by respondent would require the approval of both parties. By letter dated August 11, 1983, Joy's attorney instructed that respondent transfer the closing proceeds to Insured Titles, Inc. to be held in trust for the parties pending their agreement as to division of the funds.

Respondent did transfer these funds the following day without the authorization or approval of appellant. Insured Titles later released certain funds to Joy's attorney without obtaining prior authorization from appellant. This fact, however, is not relevant to appellant's claim against respondent.

In this action brought by appellant for breach of the implied covenant of good faith and fair dealing, the District Court granted respondent's motion for summary judgment on the issues of bad faith and punitive damages. The District Court found an absence of genuine issues of material fact and held that no implied covenant arose between the parties. The District Court further held that appellant failed to satisfy the causation element of the breach of the implied covenant and that his claim for punitive damages was insufficient as a matter of law.

Appellant first contends that tort actions in general are not properly disposed of on summary judgment. This contention lacks merit. We have previously affirmed summary disposition of tort claims, including those involving breaches of the implied covenant of good faith and fair dealing. Randolph V. Peterson, Inc. v. J.R. Simplot Co. (Mont. 1989), 778 P.2d 879, 46 St.Rep. 1463; Tresch v. Norwest Bank of Lewistown, N.A. (Mont. 1989), 778 P.2d 874, 46 St.Rep. 1459; Montana Bank of Livingston v. Old Saloon, Inc. (Mont. 1988), 766 P.2d 878, 45 St.Rep. 2354; Shiplet v. First Sec. Bank

of Livingston, Inc. (Mont. 1988), 762 P.2d 242, 45 St.Rep. 1816; Rupnow v. City of Polson (Mont. 1988), 761 P.2d 802, 45 St.Rep. 1734; Frigon v. Morrison-Maierle, Inc. (Mont. 1988), 760 P.2d 57, 45 St.Rep. 1344; Smith v. Howrey (1987), 227 Mont. 284, 738 P.2d 502; Robinson v. First Sec. Bank of Big Timber (1986), 224 Mont. 138, 728 P.2d 428; Rowland v. Klies (1986), 223 Mont. 360, 726 P.2d 310.

Summary disposition of claims is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. Initially, the moving party must allege the absence of genuine factual issues. Eitel v. Ryan (Mont. 1988), 751 P.2d 682, 684, 45 St.Rep. 521, 524. To prevail, the non-moving party must set forth facts demonstrating a genuine issue exists. Krieg v. Massey (Mont. 1989), 781 P.2d 277, 278, 46 St.Rep. 1839, 1840.

Appellant erroneously construes the District Court's ruling that his claim for punitive damages was insufficient as a matter of law as a conclusion that he suffered no damages as a consequence of respondent's actions. Appellant's declared damages were the loss of use of the closing proceeds and the non-payment of the credit card bill. Respondent does not dispute these facts and the District Court made no findings contrary to appellant's position in this regard therefore it properly rendered summary judgment.

4

The District Court ruled that no implied covenant of good faith and fair dealing arose between appellant and respondent. This holding is dispositive of the remaining issues. In the absence of respondent's duty to act in good faith and deal fairly with appellant giving rise to an action in tort, the issues of causation and damages are superfluous.

Appellant asserts the implied covenant arose because a contractual relationship existed between appellant and respondent in that respondent acted as closing agent. We have extended the implied covenant of good faith and fair dealing to transactions between banks and their customers. Noonan v. First Bank Butte (1987), 227 Mont. 329, 740 P.2d 631; First National Bank of Libby v. Twombly (1984), 213 Mont. 66, 689 P.2d 1226; Tribby v. Northwestern Bank of Great Falls (1985), 217 Mont. 196, 704 P.2d 409.

Nonetheless, the implied covenant does not arise in every contractual relationship nor in every transaction involving a bank. Simmons v. Jenkins (Mont. 1988), 750 P.2d 1067, 1071, 45 St.Rep. 328, 332; Nicholson v. United Pacific Ins. Co. (1985), 219 Mont. 32, 41, 710 P.2d 1342, 1348.

"The covenant . . . arise[s] out of the justifiable expectations of the parties." Rowland v. Klies (1986) 223 Mont. 360, 370, 726 P.2d 310, 317. Some relationship must exist between

5

the parties before a duty of good faith and fair dealing arises. Simmons v. Jenkins (Mont. 1988), 750 P.2d 1067, 1071, 45 St.Rep. 328, 332. In Simmons, the plaintiffs, encouraged by certain misrepresentations of the seller, purchased ranch property in eastern Montana. Simmons, 750 P.2d at 1069. Seller had outstanding loans with defendant bank at the time of sale. Defendant committed itself to loan funds to plaintiffs should seller default on the underlying mortgage. Simmons, 750 P.2d at 1069. Plaintiffs sued seller alleging fraud in seller's misrepresentation of the number of cattle the ranch would support. Simmons, 750 P.2d at 1069. Plaintiffs further alleged the defendant bank committed constructive fraud by its role in the transaction which plaintiffs characterized as procuring the sale. Simmons, 750 P.2d at 1069.

The District Court found the bank's agreement to loan funds contingent upon seller's default did not give rise to a relationship in which a duty of good faith and fair dealing arose. Simmons, 750 P.2d at 1071. "The fact that the bank knew of the [seller's] negotiations with the [plaintiffs] and held loans secured by the ranch property does not establish a relationship with the [plaintiffs]." Simmons, 750 P.2d at 1071.

Similarly, appellant in the instant case failed to establish the existence of a relationship of the sort giving rise to a duty

of good faith and fair dealing, the violation of which would be tortious. Respondent merely held the closing proceeds pending execution of the closing papers by appellant and his ex-wife. The District Court properly found respondent entitled to judgment as a matter of law. We affirm.

_____
                      Justice

We concur:

_____

_____

_____

_____
        Justices