No. 90-471

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

TOM HIGHAM, d/b/a RED LODGE
GARBAGE SERVICE,

      Plaintiff and Appellant,

  v.

CITY OF RED LODGE,

      Defendant and Respondent.

FILED

MAR 19 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and for the County of Carbon,
                Honorable Maurice R. Colberg, Jr., Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Tom Higham, Pro Se, Kalispell, Montana

      For Respondent:

          Gary R. Thomas, City Attorney, Red Lodge, Montana
          Rodney T. Hartman and Don M. Hayes; Herndon, Hartman
          Sweeney & Halverson, Billings, Montana

Submitted on Briefs:  February 21, 1991

Decided:  March 19, 1991

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

The District Court for the Thirteenth Judicial District, Carbon County, dismissed plaintiff Tom Higham's tort and constitutional claims against defendant, in a partial summary judgment. It also denied Higham leave to file a third amended complaint. Higham appeals. We affirm.

Restated, the issues are:

1. Did the court err in granting summary judgment in defendant's favor on the tort and constitutional claims?

2. Did the court err in denying Higham's motion to be allowed to file a third amended complaint?

On May 23, 1984, Higham entered a written contract to haul garbage for the City of Red Lodge (City). The contract was to run from June 1, 1984, to May 30, 1986. At a special meeting of the Red Lodge City Council on June 7, 1984, Higham requested that he be released from the contract and that the City either perform the garbage hauling itself or reopen the contract to competitive bidding. He claimed that the conduct of the city council members toward his business had made it impossible to effectively fulfill the contract terms.

Higham originally filed this action in July 1984, requesting a declaratory judgment that he was released from his garbage hauling contract. Within a month, and acting pro se after his attorney withdrew, Higham amended the complaint to include several

2

additional counts for declaratory relief. Represented by new counsel, Higham filed a second amended complaint in January 1988. The second amended complaint abandoned the request for declaratory relief. It asserted three counts: one for breach of contract, one for breach of the implied covenant of good faith and fair dealing, and one for violations of constitutional rights. Higham's position in the second amended complaint is that the June 7, 1984, city council meeting was illegal for lack of notice and that the termination of his garbage hauling contract was unlawful and was retaliatory for his expressed political views.

The City moved for summary judgment on all three counts of Higham's complaint. Higham moved for partial summary judgment on the breach of contract claim. Higham also moved to file a third amended complaint. The District Court dismissed Higham's constitutional claims and bad faith claim on grounds of immunity and res judicata. It denied Higham leave to file a third amended complaint and denied his motion for partial summary judgment. The court then certified for appeal its rulings on the claims which were dismissed.

I

Did the court err in granting summary judgment in defendant's favor on the tort and constitutional claims?

Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a

3

matter of law. Rule 56(c), M.R.Civ.P. To prevail, the nonmoving party must set forth facts demonstrating that a genuine issue of fact exists. O'Bagy v. First Interstate Bank (1990), 241 Mont. 44, 46, 785 P.2d 190, 191. This Court's standard of review is the same as that utilized by the trial court. McCracken v. City of Chinook (1990), 242 Mont. 21, 24, 788 P.2d 892, 894. We will affirm a correct result regardless of the reasoning used by the lower court. Phillips v. City of Billings (1988), 233 Mont. 249, 252, 758 P.2d 772, 774.

The District Court ruled that Higham's constitutional and tort claims were barred under the doctrine of sovereign immunity. It also held that the doctrine of res judicata barred Higham from asserting constitutional and tort claims arising from conduct prior to March 16, 1984, because his previous lawsuit based on the same matters was dismissed with prejudice on that date.

The subject of the previous lawsuit referred to by the District Court was Higham's entitlement to haul garbage for the City during the period 1983 to 1988. Higham sought damages for wrongfully being denied a contract for that period. The complaint characterized the City's conduct as fraudulent, arbitrary, and capricious. Higham also alleged in that complaint that the City "did not observe good faith," did not accord "just and fair consideration," committed a "personal discriminatory act toward the Plaintiff," and had "undertaken unfair and discriminatory

4

practices directed against the Plaintiff." Higham asked the District Court to require the City to award the garbage contract to him and to award him damages including punitive damages.

Res judicata prohibits a party from relitigating a matter that the party has already had the opportunity to litigate. First Bank v. Fourth Judicial Dist. Court (1987), 226 Mont. 515, 519, 737 P.2d 1132, 1134. We conclude that the complaint which was dismissed with prejudice on March 16, 1984, raised allegations which raised or fairly could have raised any claims of bad faith or violation of constitutional rights of Higham arising before or during the pendency of that action. Higham had the opportunity to litigate those issues, but in stipulating to a dismissal of the action, he chose not to do so. When that suit was dismissed with prejudice, all such issues were decided. Any entitlement Higham had to a contract to haul garbage for the City or to damages based on conduct which was tortious or in violation of his constitutional rights before the date of that dismissal was thereby determined with finality.

We hold that the District Court did not err in granting summary judgment in favor of defendant on the tort and constitutional claims. Because we have concluded that the court's action was correct based upon principles of res judicata, we need not decide whether sovereign immunity also bars these claims.

5

II

Did the court err in denying Higham's motion to be allowed to file a third amended complaint?

Higham's proposed third amended complaint would add as defendants individual city council members, the city attorney, the mayor, Ray Judd, and Ray Judd Ford, Inc. As described in Higham's motion to be allowed to amend, the added claim apparently would be that negotiations toward a September 11, 1984, lease-purchase contract between the City and proposed defendant Ray Judd Ford, Inc., contributed to the City's breach of contract and breach of the implied covenant of good faith and fair dealing.

The District Court stated that Higham's proposed claim would be barred by statutes of limitation unless it would relate back to the filing of earlier complaints. The court determined that the claim did not relate back because the new claim operates on facts different than those set forth in the second amended complaint.

Rule 15(a), M.R.Civ.P., provides that a party may amend pleadings by leave of court and such leave shall be freely given when justice so requires. Rule 15(c), M.R.Civ.P., provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by

6

> law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

We agree with the District Court's statement that Higham's proposed new claim would add a theory of conspiracy which was not present in the second amended complaint. In particular, Ray Judd and Ray Judd Ford, Inc., would have had no way of predicting from the second amended complaint that the action would be amended to include them as defendants. We conclude that the District Court was correct in determining that this new claim should not relate back to the time of filing the other complaints. We therefore hold that the court did not err in denying Higham's motion to be allowed to file a third amended complaint.

Affirmed.

_____
Chief Justice

We concur:

_John Conway Harrison_

_Frank I. Haswell_

_Gerald J. Nelson_

_R. C. McDonough_
Justices

8