No.   No. 92-419

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

GARY SCHWEDES and BARBARA TURNER,

> Plaintiffs and Appellants,

-v-

LUANNE GOODNOUGH and NORM GOODNOUGH,

> Defendants and Respondents.

FILED

... 13 1993

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael H. Keedy, Judge presiding.

COUNSEL OF RECORD:

> For Appellant:

> Gary R. Schwedes, Whitefish, Montana (pro se)

> For Respondent:

> Timothy A. Cooper, Hedman, Hileman & Lacosta,
Whitefish, Montana

Submitted on Briefs:   February 11, 1993

Decided:   April 13, 1993

Filed:

_____
Clerk

Justice Fred J. Weber delivered the opinion of the Court.

Pro se plaintiff Gary Schwedes appeals the order of the District Court of the Eleventh Judicial District, Flathead County, Montana, which granted summary judgment to defendants Norm and Luanne Goodnough on the basis that his and Barbara Turner's claims were barred by statutes of limitations. We affirm.

The sole issue for our review is whether the District Court erred by granting summary judgment to the defendants.

Plaintiffs Gary Schwedes (Schwedes) and Barbara Turner filed claims in Justice Court, Flathead County, on August 31, 1990 against Norm and Luanne Goodnough, defendants. In substance, plaintiffs claimed that Luanne Goodnough, as seller of the house, had committed fraud and misrepresentation and that Norm Goodnough, as the builder-vendor of the house, had breached his obligations as a contractor and breached a contractor implied warranty. The answer of the defendants essentially denied the allegations of the plaintiffs. The case was tried in justice court and the plaintiffs' claims were dismissed with prejudice. Plaintiffs then appealed that judgment to the District Court.

By motion for summary judgment filed September 13, 1991, accompanied by memorandum, defendants contended that summary judgment should be granted on the grounds that the claims were barred by the statutes of limitations and failure on the part of the plaintiffs to establish any material facts entitling them to relief.

Schwedes and counsel for the defendants signed a pretrial

2

order with the following agreed facts:

> 1. On or about January 22, 1986, Gary Schwedes and Barbara Turner, Plaintiffs, purchased from Defendant, Luanne Goodnough, the residence and ten acres commonly known as 245 Twin Bridges Road for the price of $90,000.00.
> 2. The purchase of January 22, 1986 was made without the assistance of a real estate agent.
> 3. Gary Schwedes is in sole possession of the house and Barbara Turner is no longer a party to this action.

After oral argument, the District Court granted summary judgment on June 12, 1992, stating that the claims were barred by the statutes of limitations. No further explanation was given by the District Court.

Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. This Court's standard of review is the same as that used by the trial court. Higham v. City of Red Lodge (1991), 247 Mont. 400, 807 P.2d 195. We will affirm a correct result regardless of the reasoning used by the trial court. Higham, 807 P.2d at 196.

With the exception of the agreed facts in the pretrial order, the record does not contain depositions, answers to interrogatories, admissions on file, or affidavits otherwise establishing any material fact as would be appropriate under Rule 56(c), M.R.Civ.P.

While the parties argue at length as to whether or not defendant Norm Goodnough was a builder-vendor or contractor, there is a total absence of any showing of such material facts in the record.

3

It is clear that the two year statute of limitations contained in § 27-2-203, MCA, applies to the claims of fraud and misrepresentation. The established facts show that the purchase was made on January 22, 1986, more than two years prior to the commencement of the action, and that such claims are, therefore, barred.

The claims against defendant Norm Goodnough for breach of the implied warranty of habitability and negligent construction are tort claims. As such, these claims are barred under the provisions of § 27-2-207, MCA.

In view of the extremely inadequate and confused record, it would have been preferable that the District Court explain the rationale for its entry of summary judgment. Nonetheless, as above set forth, from the extremely limited facts in this record, it is apparent that the claims were barred by the appropriate statutes of limitations.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

We Concur:

_____
Chief Justice

4

_John Conway Harris_

_William E Hewitt_

_R. C. McDonough_

Justices

April 13, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


GARY R. SCHWEDES
P.O. BOX 111
Whitefish, MT 59937


Timothy A. Cooper
HEDMAN, HILEMAN & LACOSTA
433 Second Street
Whitefish, MT 59937


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy