No. 93-198

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IRENE BICKLER, individually and as
personal representative of the Estate
of BUCKY ROBERT BICKLER, deceased, and
VICTOR BICKLER, individually,

        Plaintiffs and Appellants,

    -v-

THE RACQUET CLUB HEIGHTS ASSOCIATES,
a co-partnership consisting of
WALTER FRANCKE, M.D., WILLARD D.
JOHNSON, and ORVAL GRAHAM,

        Defendants and Respondents.

FILED

APR 15 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell K. Fillner, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        William P. Fitzgerald, Lynaugh, Fitzgerald, Eiselein
        & Eakin, Billings, Montana

    For Respondent:

        Ward Swanser, Moulton, Bellingham, Longo & Mather,
        Billings, Montana

Submitted on Briefs: January 7, 1993

Decided: April 15, 1993

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiffs Irene Bickler and Victor Bickler appeal the December 22, 1988 order of the District Court of the Thirteenth Judicial District, Yellowstone County, Montana, granting summary judgment in favor of defendant Racquet Club Heights Associates. We affirm.

The issues presented for our review are:

1. Did the District Court err in concluding that acts or omissions of Racquet Club Heights Associates were not the proximate cause of a motorcycle car collision which killed Bucky Bickler, the son of plaintiffs Irene Bickler and Victor Bickler?

2. Did Racquet Club Heights Associates owe a duty to Bucky Bickler as a member of the traveling public to maintain trees on property belonging to the City of Billings?

3. Are sanctions appropriate against the appellants and their attorney for bringing a frivolous appeal?

Plaintiffs Irene and Victor Bickler (Bicklers) brought this action to recover damages for the wrongful death of their son, Bucky Bickler (Bickler). Bucky Bickler died shortly after 1:00 a.m. on August 3, 1983, when his motorcycle collided with Nadine Evensen's (Evensen) car within the intersection of Rimrock Road and Arlene Street in Billings, Montana.

Rimrock Road is a through street running east and west in Billings. Arlene Street intersects Rimrock Road from the south. Zimmerman Trail connects with Rimrock Road from the north at the same intersection. Both Zimmerman Trail and Arlene Street are

controlled by stop signs at this intersection. Bickler was traveling west on Rimrock Road with Fred Farr as his passenger. Evensen was traveling north on Arlene Street. Her deposition testimony establishes that she stopped for the stop sign on Arlene Street. She did not see the Bickler motorcycle. She proceeded into the intersection intending to execute a left turn in order to proceed west on Rimrock Road. Evensen pulled out in front of the Bickler motorcycle. The motorcycle struck the right rear passenger panel and wheel of Evensen's car. Both Bickler and Farr were propelled by the force of the collision into the air and landed on the street in front of Evensen's car. Bickler died at the scene of the accident. Farr died later at a Billings hospital.

Evensen testified she did not see the oncoming Bickler motorcycle. Accident reconstruction experts testified by deposition for both Evensen and the Bicklers. Such testimony indicated that in order to adequately perceive oncoming traffic on Rimrock Road, a driver must stop at a location several feet in front of or to the north of the stop sign itself. Evensen testified that when she stopped at the stop sign on Arlene Street, she looked to the left and to the right and could see clearly in both directions. According to the expert testimony, this suggested that she had stopped at a location in front of the stop sign where her vision was not obstructed by trees located on the right of way. Evensen's testimony indicated she stopped only once. Evensen testified that her vision was not obstructed or impaired but that she did not see the Bickler motorcycle approaching from the east.

3

The City of Billings owns a right of way approximately twenty feet in width abutting Rimrock Road to the south at the point Arlene Street intersects. Several Lombardy poplar trees grow on the city right of way near the southeast corner of the intersection of Rimrock Road and Arlene Street. The trees are located within an area described as the clear vision zone by the Billings City ordinances. Testimony of the reconstruction experts established that the poplar trees may obstruct the vision of a driver approaching Rimrock Road on Arlene Street as the driver looks to the east.

Racquet Club Heights Associates (RCH) owns property adjacent to the southern edge of the described city right of way. The RCH strip extends approximately twenty feet south of the City right of way. This area is designated as part of the RCH subdivision's "common area." The subdivision covenants place responsibility for maintenance of the "common areas" in the subdivision on RCH. Billings ordinances also place responsibility on a corner lot owner for maintenance of vegetation growing on City boulevards.

Bicklers argue that Evensen stopped within three feet in front of the stop sign and at that point, she could not have seen vehicles on Rimrock Road approaching from the east. Because she testified that she had stopped only once at the sign, Bicklers further contend that she would have entered the intersection without a clear view of oncoming traffic.

RCH points out that Evensen's testimony was that at the point she stopped her car, she could see Rimrock Road clearly enough to

4

make out the lights from a Kwik-Way store located one block to the east. RCH also points out that police records establish that Bickler's blood alcohol content at the time of his death was 2.0, twice the legal driving limit. The record on summary judgment does not establish whether or not the motorcycle headlights were on at the time of the accident. As necessary, we will provide additional facts.

## I.

Did the District Court err in concluding that acts or omissions of Racquet Club Heights Associates were not the proximate cause of a motorcycle car collision which killed the plaintiffs' son?

The District Court reached the following conclusion in granting summary judgment to RCH:

> Defendants Racquet Club and City have argued their acts or omissions in this case were not the actual or proximate cause of plaintiffs' injuries. Plaintiffs have the burden of proving by specific facts that these defendants' acts or omissions actually caused the accident or, alternatively, that but for these defendants' acts or omissions, the accident would not have occurred. Plaintiffs have failed to carry these burdens, and thus summary judgment for Racquet Club and City is appropriate.

We note that the case has been settled and dismissed as to the defendant City.

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. We review a district court's summary judgment ruling using the same standard of review as the trial court. Higham v. City of Red Lodge (1991), 247 Mont.

5

400, 402, 807 P.2d 195, 196. Summary judgment is proper if a plaintiff fails to establish an element material to his negligence action. Dvorak v. Matador Service Inc. (1986), 223 Mont. 98, 107, 727 P.2d 1306, 1311. The showing of proximate cause is a necessary element for such actions. Thus, the pivotal question is whether plaintiffs here satisfied a showing of proximate cause.

In its analysis the District Court quoted from this Court's analysis of cause in fact and proximate cause in Young v. Flathead County (1988), 232 Mont. 274, 757 P.2d 772. In Young, we stated:

> Liability, in any cause of action, attaches if the plaintiff can prove first that defendant's act is a cause in fact of injury and then that the injury is the direct or indirect result, proximately caused by the negligent act. Causation in fact has been determined by the use of the "but for" test . . . and in rare circumstances under a substantial factor examination. Prosser and Keeton, The Law of Torts, Section 41, pp. 264-268 (5th ed., 1984). In Montana, the distinction between causation in fact and proximate cause, now occasionally referred to as legal cause, has not generally been made. . . .
> Under causation in fact, the "but for" test has been defined as but for defendant's conduct, the event would not have occurred, or, conversely, defendant's conduct is not the cause of the event, if the event would have occurred without the conduct. . . . As an uncommon alternative to the "but for" test, the "substantial factor" test has been designed to deal with problems where application of the "but for" test would allow each of a number of defendants to escape responsibility because the conduct of one or more others would have been sufficient to produce the same result. . . .

Young, 757 P.2d at 777. (Citations omitted.)

In Montana, proximate cause is an act or omission which, "in a natural and continuous sequence, unbroken by any new, independent cause, produces injury, and without which the injury would not have occurred." Young, 757 P.2d at 777. The phrase "without which the

injury would not have occurred" incorporates the "but for" test. Young, 757 P.2d at 777.

The District Court concluded the Bicklers failed to factually establish actual or proximate cause here. Plaintiffs argue that there is an issue of fact whether Evensen could see the approaching motorcycle because of the clump of poplar trees on the City right of way, and that such issue of fact precluded summary judgment. We do not agree with that contention.

Plaintiffs have failed to submit evidence which establishes that Evensen could not see oncoming vehicles because of the obstruction of trees at the corner of the intersection. Evensen's uncontradicted testimony establishes that she stopped at the stop sign, looked left and right and could see clearly in both directions, failed to see the Bickler motorcycle, and pulled out into the intersection in front of the motorcycle. Plaintiffs' accident reconstruction expert speculated that if Evensen stopped her car at the stop sign or within three feet in front of the stop sign, the trees would have obstructed her vision. There is no evidence to precisely establish where Evensen stopped her car.

The stop sign is located a number of feet south of the south right of way line of Rimrock Road. Evensen testified that she thought she stopped at a point close to the stop sign, but she could not fix the precise point. She testified that she stopped only once, finding it unnecessary to pull further forward in order to be able to see to her right before proceeding into a turn. While her testimony does not specify the exact spot where she

stopped, her testimony is unrebutted with regard to her ability to see to the east. Evensen further testified she was familiar with the intersection, having previously driven through it on numerous occasions. Plaintiffs have failed to present any evidence for summary judgment consideration which establishes that Evensen did not or could not see the Bickler motorcycle because of the tree obstruction at the southeast corner of the intersection.

We agree with the conclusion of the District Court that the plaintiffs have failed to meet their burden of proving by specific facts that RCH's acts or omissions were the proximate cause of the accident, or that but for the acts or omissions of RCH, the accident would not have occurred. We agree with the conclusion of the District Court that visual obstruction was not established as a cause in fact of plaintiffs' injuries.

We hold the District Court correctly granted summary judgment to the defendant RCH.

## II.

Did RCH, as the owner of the corner lot abutting Rimrock Road, owe a duty to members of the traveling public to maintain a clear vision zone?

Because of our holding on Issue I, we conclude it is unnecessary to address this issue.

## III.

Are sanctions appropriate against the Bicklers and their attorney for bringing a frivolous appeal?

Rule 32, M.R.App.P., allows recovery of damages when this Court is satisfied from the record and the presentation of an appeal in a civil case that the appeal was taken without substantial or reasonable grounds. This Court has imposed such sanctions in cases where counsel's actions constitute an abuse of the judicial system. Where reasonable grounds for appeal exist, no sanctions will be imposed. Tope v. Taylor (1988), 235 Mont. 124, 768 P.2d 845.

While sanctions are not imposed, we do emphasize for the benefit of plaintiffs' counsel that it was not proper practice to file a fifty-nine page reply brief which included thirty-four pages of argument on an issue which was only addressed in a very casual and conclusory fashion in appellants' initial brief. This improperly denied defendant's counsel the opportunity to respond.

We conclude there were reasonable grounds for an appeal and deny the request for sanctions.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

9

April 15, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

William P. Fitzgerald
LYNAUGH, FITZGERALD, EISELEIN & EAKIN
P.O. Box 1729
Billings, MT 59103-1729

Ward Swanser
MOULTON LAW FIRM
Sheraton Plaza, Suite 1900
Billings, MT 59101

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy