Ruth WADE, Plaintiff–Appellant,

v.

STATE FARM MUTUAL AUTOMO-BILE INSURANCE COMPA-NY, Defendant–Appellee.

No. 05–35169.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2006.*

Filed Oct. 27, 2006.

* This panel unanimously found this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Brad L. Arndorfer, Esq., Arndorfer Law Firm, P.C., Billings, MT, for Plaintiff–Appellant.

Bradley J. Luck, Esq., Garlington Lohn & Robinson PLLP, Missoula, MT, Robert F. James, Esq., Ugrin, Alexander, Zadick & Higgins, P.C., Great Falls, MT, for Defendant–Appellee.

Before: D.W. NELSON, PAEZ and SMITH, Circuit Judges.

## MEMORANDUM **

In a common law insurance action, Ruth Wade alleged that State Farm Mutual Automobile Insurance acted in bad faith in denying her claim for damages sustained in a car accident with State Farm's insured, Timothy Avallone. Following a trial on Wade's claims, the jury found that State Farm did not act in bad faith and the district court entered judgment against Wade. On appeal, Wade argues that the district court erred in excluding expert witness testimony, barring questioning at trial of Avallone's attorney, and denying recovery for attorneys' fees, punitive damages and damages for non-severe emotional distress. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

■ Under the Federal Rules of Civil Procedure, permissible sanctions for Wade's non-compliance with the court's order granting State Farm's motion to compel the production of all documents on which Mathis relied in preparing his expert report include issuing "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence." FED. R. CIV. PRO. 37(b)(2). Given Wade's well-documented misconduct and its prejudicial effect in preventing State Farm's deposition of Mathis, the district court's decision to exclude Mathis's testimony was not an abuse of discretion. See Pickern v. Pier 1 Imports (U.S.), Inc., 457 F.3d 963, 968–69 (9th Cir.2006).

■ The district court also properly barred questioning at trial of Avallone's personal attorney on the issue of why Avallone did not pursue a counterclaim against Wade. Communications between Avallone and his attorney were privileged and would not be a permissible subject of trial testimony unless Avallone waived the privilege—which he expressly declined to do—or the communications fell within an exception to the privilege. See Palmer v. Farmers Ins. Exch., 261 Mont. 91, 861 P.2d 895, 906 (1993). Montana courts recognize an exception to the attorney-client

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th CIR. R. 36–3.

privilege where the insurer "directly relies on advice of counsel as a defense to the bad faith charge." *Palmer*, 861 P.2d at 907 (emphasis omitted). Wade argues that this exception applies because Avallone's attorney filed a brief contesting Avallone's traffic citation in Montana Justice Court and State Farm offered the brief as evidence at trial. However, the record does not contain evidence that Avallone's attorney acted as State Farm's counsel or evidence that Avallone's attorney provided advice to State Farm. Accordingly, the district court properly ruled that Wade could not question Avallone's attorney about the counterclaim at trial.

Because we affirm the jury's verdict in favor of State Farm on Wade's only cause of action, we need not reach Wade's remaining issues on appeal concerning the proper measure of damages. *See O'Bagy v. First Interstate Bank of Missoula*, 241 Mont. 44, 785 P.2d 190, 191 (1990).

**AFFIRMED.**