**Michael MOSS, Plaintiff,**

v.

**Donald S. VARIAN, Jr., Defendant.**

**Civ. A. No. C82–872A.**

United States District Court,
N. D. Ohio, E. D.

April 15, 1982.

712

Michael Moss, pro se.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Pending before the Court is plaintiff Moss' *pro se* petition to proceed *in forma pauperis.* For the reasons set forth below, the petition is denied, and the complaint is dismissed.

### I

Moss is presently incarcerated in the Ohio State Correctional Facility at Chillicothe, Ohio. He alleges that he retained defendant Varian as counsel to represent him in his criminal trial; that he was unsatisfied with Varian's representation; and that in May of 1977, Varian took Moss' bond money, without Moss' authorization, to pay his legal fee for services rendered in connection with the criminal trial.

Moss predicates jurisdiction on 42 U.S.C. § 1983, and asks for compensatory and punitive damages, claiming that Varian has deprived him of his property without due process of law.

### II

 Moss' action is maintainable pursuant to 42 U.S.C. § 1983, only if defendant Varian's actions were taken "under color of [a] statute, ordinance, regulation, custom, or usage, of [a] State or Territory." Although attorneys are licensed to practice by the various states, and they are deemed officers of the court, such a nexus with the state is an insufficient basis for concluding that lawyers act "under color of state law" for the purposes of jurisdiction under 42 U.S.C. § 1983. · *Henderson v. Fisher,* 631 F.2d 1115 (3rd Cir. 1980); *Lamb v. Farmers*

*Insurance Co., Inc.,* 586 F.2d 96 (8th Cir. 1973); *Sinclair v. Spatocco,* 452 F.2d 1213 (9th Cir. 1972), *cert. denied,* 409 U.S. 886, 93 S.Ct. 102, 34 L.Ed.2d 142 (1972); *Stambler v. Dillon,* 302 F.Supp. 1250 (5th Cir. 1969).[1]

Moreover, it makes no difference whether the attorney was retained, or appointed, for the purpose of making this determination. See *Harkins v. Eldredge,* 505 F.2d 802 (8th Cir. 1974).

The petition to proceed *in forma pauperis* is denied, and the complaint is dismissed, with prejudice, *sua sponte,* for lack of jurisdiction.

IT IS SO ORDERED.

---

1. See also dicta in *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 355, 95 S.Ct. 449, 455, 42 L.Ed.2d 477 (1974).