Derek A. Farmer, pro se.

Stephen L. Black, Cincinnati, Ohio, for defendants.

DECISION AND ENTRY SUSTAINING DEFENDANTS' MOTION TO DISMISS; PLAINTIFF'S COMPLAINT DISMISSED IN ITS ENTIRETY; PLAINTIFF DIRECTED TO FILE SUPPLEMENTAL COMPLAINT UNDER CASE NO. C–3–81–285; INDIVIDUAL PARTIES ORDERED TO SUBMIT AFFIDAVITS UNDER CASE NO. C–3–81–285; TERMINATION ENTRY

RICE, District Judge.

 Based upon the reasoning and citations of authority set forth by Defendants

---

**Derek A. FARMER, Plaintiff,**

v.

**Arthur P. ANNINOS, et al., Defendants.**

**No. C–3–84–212.**

United States District Court,
S.D. Ohio, W.D.

Aug. 31, 1984.

in support of their Motion to Dismiss (Doc. # 4), filed pursuant to Fed.R.Civ.P. 12(b)(1), the Court concludes that Defendant's Motion, as it pertains to Plaintiff's state law claims, is well-taken and dismisses said claims for lack of subject matter jurisdiction.[1] With reference to Plaintiff's claims under 42 U.S.C.A. § 1983, the Court treats Defendants' Motion as one asserting that Plaintiff has failed to state a claim under Fed.R.Civ.P. 12(b)(6), and sustains said Motion. Simply stated, Defendants, Plaintiff's counsel, under facts as alleged in the Plaintiff's Complaint, do not act under color of state law. *See Henderson v. Fisher,* 631 F.2d 1115, 1119 (3d Cir.1980) (per curiam) (private attorney does not act under color of state law); *Moss v. Varian,* 537 F.Supp. 711, 712 (N.D.Ohio 1982) (same); *see also Black v. Bayer,* 672 F.2d 309, 314 (3rd Cir.) *cert. denied, sub nom. Stoica v. Stewart,* 459 U.S. 916, 103 S.Ct. 230, 74 L.Ed.2d 182 (1982) (court appointed counsel does not act under color of state law); *Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981) (public defender does not act under color of state law), state action being one of the required elements of a § 1983 civil rights claim. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed. 420 (1981); *Brandon v. Allen,* 719 F.2d 151, 153 (6th Cir.1983).[2] Thus, Plaintiff has failed to state a cause of action under § 1983.

Despite the fact that the Court sustains Defendants' Motion, dismisses Plaintiff's Complaint and terminates the instant case *infra,* the Court states that it *does* have supervisory jurisdiction over contingent fee contracts arising out of attorney services rendered in cases before it. *See Allen v. United States,* 606 F.2d 432, 435–36 (4th Cir.1979). *See also Cooper v. Singer,* 719 F.2d 1496, 1504–07 (10th Cir.1983); *Jersey Land and Development Corp. v. United States,* 342 F.Supp. 48 (D.N.J. 1972).[3] Exercise of this supervisory jurisdiction over Plaintiff's allegations seems particularly appropriate in that the complained of conduct arose out of the attorney-client relationship created with the assistance of this Court. Furthermore, the contingent fee arrangement that grew out of that relationship specifically concerns settlement of at least one case[4], namely, C–3–81–285, which was previously pending in this Court. See attached Special Power of Attorney. For these reasons, the Court directs Plaintiff to file the allegations which initiated the captioned cause, as a supplemental complaint, under the terminated case, number C–3–81–285, if Plaintiff wishes to proceed with these matters. After Plaintiff's complaint is properly filed under C–3–81–285, the individual parties to the captioned cause are ordered to promptly file affidavits (with authenticated supporting documents, if necessary) specifically setting forth facts relevant to the allegations made by Plaintiff in his supplemental complaint. In the event that an oral evidentiary hearing is needed by the Court in order to dispose of Plaintiff's supplemental complaint, said hearing will be held in Cincinnati.

Plaintiff, in his Complaint filed in this case on March 21, 1984, seeks the return of his property, presumably including a copy

---

1. In the event that Plaintiff wishes to pursue these claims in state court, he is reminded that a one year statutory limitations period applies to malpractice actions in Ohio. *See* Ohio Revised Code § 2305.11(A).

2. The Court is aware that Defendant, Plaintiff's counsel, could have acted under color of state law if he had conspired with state officials to deprive Plaintiff of his federally protected rights. *See Tower v. Glover,* — U.S. —, —, 104 S.Ct. 2820, 2826, 81 L.Ed.2d 758 (1984). Plaintiff's Complaint herein, however, contains no allegation of such a conspir-

acy. In the absence of said allegation, the Court concludes that Defendant did not act under color of state law, and, therefore, that Plaintiff has failed to state a claim under 42 U.S.C.A. § 1983.

3. It appears to this Court that while its supervisory jurisdiction over the attorney-client relationship includes authority to order a refund of excessive fees, said jurisdiction does not include authority to award damages.

4. Yet to be determined is the impact of this settlement agreement on case number C–3–81–286, another suit filed by Plaintiff in this Court.

138

of a Motion to Vacate Judgment, court orders, trial transcripts, etc. (Doc. #1 at ¶25), allegedly withheld by Defendants. The Court notes, however, that on March 30, 1984, Judge Spiegel, in case number C–1–80–647, ordered Defendant Anninos "to return all files and documents, the property of plaintiff, to plaintiff forthwith and without charge". See attached Order. The Court is confident that by this time Defendant(s) has fully complied with Judge Spiegel's Order. If this is not the case, Plaintiff should promptly so advise this Court by filing a motion and affidavit under case number C–3–81–285.

WHEREFORE, based upon the aforesaid, the Court sustains Defendants' Motion to Dismiss and, accordingly, dismisses Plaintiff's Complaint in its entirety. If Plaintiff wishes to proceed in this Court with his allegations, he is directed to file a supplemental complaint under the terminated case, C–3–81–285. After said filing, the parties are directed to file affidavits addressing Plaintiff's allegations.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton, Ohio.

APPENDIX

### SPECIAL POWER OF ATTORNEY

I, DEREK A. FARMER, hereby appoint A. P. Anninos my Attorney-In-Fact, to endorse the draft issued in the settlement of my case against the Sheriff's Department of Montgomery County, Ohio, in the amount of Seven Thousand Five Hundred ($7,500.00) Dollars. Said case is presently pending in the Court of Common Pleas, Montgomery County, Ohio, being Case No. C–3–81–285, and which case involves an occurrence at the Montgomery County, Ohio, jail in which I sustained injury. Said Attorney-In-Fact is hereby authorized to act for me and in my name, place, and stead, for my use, and to sign said draft in my name, for me, and in my name, place, and stead, and to pay all costs and attorney's fees incurred by my attorney in the said cause of action.

I further give and grant unto my said Attorney-In-Fact full power and authority to perform every act and deed necessary and proper to be done in the exercise of any and all of the foregoing powers as fully as I might

or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that my said Attorney-In-Fact may lawfully do or cause to be done by virtue hereof.

This power of attorney shall further authorize my Attorney-In-Fact to deposit the remainder of the proceeds from said draft in an interest-bearing savings account for me, and in my name, place and stead, and I further hereby ratify and confirm any and all such transactions.

This power of attorney shall not be affected by my disability, incapacity, or adjudged incompetency.

For value received in the form of legal services in resolving the said case against the Sheriff's Department of Montgomery County, Ohio, on my behalf, I do hereby grant said Attorney-In-Fact a thirty-three and 1/3 percent (33 1/3%) interest in the resulting sum of Seven Thousand Five Hundred ($7,500.00) Dollars, and by such grant do intend that this power of attorney be coupled with an interest, and I do hereby make and declare this power of attorney to be irrevocable by me or otherwise, renouncing all rights to revoke this power or to appoint any other person to perform any of the acts innumerated herein.

Further, I grant and authorize my Attorney-In-Fact to deduct any and all expenses incurred by him and co-counsel Peter E. Koenig in their representation of me in this cause of action.

140

Executed on this the _13th_ day of _April_ ,
1983, at Lucasville, Ohio.

Signature acknowledged
in the presence of:

_Stacy Sellers_                    _Derek A. Farmer_
                                   Derek A. Farmer

_Frank W. McKules_

STATE OF OHIO      :
                   :  SS:
COUNTY OF _Scioto_ :

        Before me, a Notary Public, in and for said
County and State, personally appeared the above named
individual, who acknowledged that he did sign the fore-
going instrument, and that the same is his free act and
deed.

        In Testimony Whereof, I have hereunto set my
hand and official seal at _Lucasville_ , Ohio,
on this _13_ day of _April_ , 1983.

NOTARIAL SEAL
STATE OF OHIO
PAUL R. ADAMS
NOTARY PUBLIC. STATE OF OHIO
MY COMMISSION EXPIRES MAY 22. 1988

APPENDIX

NO: C-1-80-647

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF OHIO WESTERN DIVISION MARCH 30, 1984

DEREK A. FARMER, Plaintiff,

vs.

RON C. MARSHALL, Defendant.

ORDER SUSTAINING IN PART AND OVERRULING IN PART OBJECTIONS TO MAGISTRATE'S RULINGS

This matter came on for consideration of plaintiff's motion to review and objections (doc. 41) to the rulings of the Magistrate (doc. 40), together with plaintiff's supplemental memorandum (doc. 42). No opposition has been filed thereto. We have carefully reviewed the Magistrate's ruling (doc. 40), and we make the following orders:

(A) Plaintiff's *ex parte* motion (doc. 37) asking the Court to order that A.P. Anninos, Esq., return documents and files to plaintiff. We sustain plaintiff's objections to the Magistrate's order denying his motion and hereby order A.P. Anninos, Esq., to return all files and documents, the property of plaintiff, to plaintiff forthwith and without charge. A copy of this Order shall be served upon A.P. Anninos, Esq. by certified mail.

(B) The objections of plaintiff to the Magistrate's rulings denying him leave to file an amended complaint are sustained as being well-taken. Plaintiff is granted to July 1, 1984 to file an amended complaint.

(C) The plaintiff's objections to the Magistrate's overruling his motion for reconsideration is denied. The Magistrate observed that plaintiff's motion seeking an order to permit him to interview 21 witnesses was denied on December 8, 1982 because of security considerations (doc. 31). In addition, the defendant has admitted in his answer the facts that the testimony of plaintiff's 16 inmate witnesses is intended to establish so that the allegations in the pleadings on this matter are no longer at issue in the case.

Plaintiff has asked that this case be transferred from the docket of The Honorable Robert A. Steinberg, United States Magistrate, to the docket of another Magistrate. We believe the interests of justice would be served if the plaintiff's motion to transfer this matter is granted. Accordingly, it is hereby ordered that this action is transferred from the docket of The Honorable Robert A. Steinberg, United States Magistrate, to the docket of The Honorable J. Vincent Aug, Jr., United States Magistrate, for further proceedings.

SO ORDERED.

/s/ S. Arthur Spiegel
S. Arthur Spiegel
United States District Judge