No. 87-237

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

JEAN M. WHITFIELD; JOHN F. WHITFIELD;
ANNE M. WHITFIELD; JEAN M. WHITFIELD,
as Guardian for STEVEN C. WHITFIELD,
and CAROL E. WHITFIELD; and the ESTATE
OF HAROLD F. WHITFIELD, JR., Deceased,
        Plaintiffs and Appellants,

   -vs-

THERRIAULT CORP., a Montana corp., a/k/a
THERRIAULT RANCH, a/k/a THERRIAULT CREEK
RANCH; and THE STATE OF MONTANA,
        Defendants and Respondents.

_____

THERRIAULT CORPORATION, a Montana corporation,
        Defendant and Third-Party Plaintiff,

   -vs-

THE STATE OF MONTANA,
        Defendant and Third-Party Defendant.

APPEAL FROM: District Court of the Nineteenth Judicial District,
          In and for the County of Lincoln,
          The Honorable Robert Holter, Judge presiding.

COUNSEL OF RECORD:
    For Appellant:

        Warden, Christiansen, Johnson & Berg; Thomas R.
        Bostock, Kalispell, Montana

    For Respondent:

        Chris D. Tweeten, Agency Legal Services, Helena,
        Montana
        S. Y. Larrick, Kalispell, Montana

Submitted on Briefs:  Sept. 17, 1987

Decided:  November 19, 1987

Filed: NOV 19 1987

*Ethel M. Harrison*
_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.


The District Court for the Nineteenth Judicial District, Lincoln County, dismissed plaintiffs' claim for wrongful death against the State of Montana (State), and granted the State summary judgment. Plaintiffs appeal. We affirm.

The issue is whether the District Court erred in granting summary judgment in favor of the State.

Harold F. Whitfield, Jr., died on October 29, 1984, as a result of injuries sustained in an automobile accident which occurred on October 23, 1984. The highway patrol accident report indicates that on the morning of the accident, Mr. Whitfield was traveling north on U.S. Highway 93. At approximately 7:30 a.m., he apparently encountered two horses on the roadway about two miles south of Eureka, Montana. Mr. Whitfield's automobile collided with one of the horses and Mr. Whitfield was fatally injured.

Mr. Whitfield's wife and children brought this wrongful death action against the party alleged responsible for the loose horses, Therriault Corporation (Therriault). Plaintiffs have settled with Therriault, and Therriault is not a party to this appeal. Before settling with plaintiffs, Therriault filed a third party complaint seeking indemnity and contribution from the State. The plaintiffs amended their complaint to add a claim against the State. The claim against the State is based upon a highway department maintenance employee's observation of two horses in the roadway prior to the accident.

Hubert McKenzie, the highway department employee, testified in a deposition that he saw the horses at approximately 5:15 a.m. while checking road conditions from Eureka to Stryker in a highway department dump truck. He said he

followed the horses down the road for approximately one-half mile before he was able to pass them as they turned off on an approach road. He did not make any report of the horses being loose, but did note in his logbook that he had seen them. Mr. McKenzie testified that he proceeded to Stryker, turned around and returned to Eureka, arriving at approximately 7:00 a.m. Mr. McKenzie stated that he did not see the horses on his return trip.

Janice Pinson, who lives in a house near the accident scene, testified in a deposition that she observed Mr. McKenzie's encounter with the horses. She stated that she saw a highway department dump truck "chase" the horses between 6:30 a.m. and 7:15 a.m., and that she was not sure of the exact time, but that the sun had not fully risen.

The plaintiffs contend that Mr. McKenzie failed to exercise reasonable care after discovering the horses on Highway 93. They argue that Mr. McKenzie breached a duty owed to Mr. Whitfield by failing to clear the horses from the roadway or to warn oncoming motorists. Plaintiffs also contend that the discrepancy between Mr. McKenzie's testimony and the testimony of Mrs. Pinson as to the time Mr. McKenzie first encountered the horses constitutes a material issue of fact and that summary judgment was improperly granted.

Did the District Court err in granting summary judgment in favor of the State?

Rule 56, M.R.Civ.P., allows a court to enter summary judgment when the pleadings, depositions, and other documents on file, together with any affidavits filed, demonstrate no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. In reviewing a summary judgment, this Court is free to examine the entire case and reach a conclusion in accordance with its findings.

3

Shimsky v. Valley Credit Union (Mont. 1984), 676 P.2d 1308, 1310, 41 St.Rep. 258, 260. In the present case, the District Court file contains a number of depositions, along with answers to interrogatories and a number of exhibits.

A claim of negligence must establish a legal duty, breach of that duty, and damages proximately caused by the breach. Detert v. Lake County (Mont. 1984), 674 P.2d 1097, 1100, 41 St.Rep. 76, 79. Plaintiffs cite the general duty of the department of highways to maintain highways in a safe condition. See §§ 60-1-101 and -102, MCA. They also cite several cases in which the state was found negligent in vehicle-stock collisions on federal-aid primary highways. (Highway 93 is a federal-aid primary highway.) However, several of these cases hinge on the state's duty to post warning signs for animal crossings. E.g., Jensen v. Maricopa County (Ariz. 1974), 522 P.2d 1096. The State's duty to post warning signs is not at issue here. In fact, there was testimony that the area in which Mr. Whitfield's accident occurred was posted for range cattle. The plaintiffs also cite the State's duty under § 60-7-103, MCA, to fence the right-of-way through high hazard areas of the open range. Plaintiffs do not assert that this section of road had been classified as "high hazard." Nor do they assert that this highway was constructed or reconstructed after July 1, 1969, as is required in order for the statute to apply.

Plaintiffs have not cited any authority stating that a Montana highway maintenance employee has a duty to remove live animals from the roadway. In addition, Mr. McKenzie's uncontradicted deposition testimony is that the horses had turned off onto an access road when he last saw them. They were no longer on the roadway. Plaintiffs have cited no authority for their further assertion that Mr. McKenzie had a duty to somehow insure that the horses did not come back onto

4

the highway. We conclude that the plaintiffs have not shown any duty on the part of Mr. McKenzie to do more than he did.

Plaintiffs contend that the differences in the testimony of Mr. McKenzie and Mrs. Pinson as to the time at which Mr. McKenzie encountered the horses constitutes a material issue of fact prohibiting summary judgment. We disagree. As discussed above, the plaintiffs' case fails to establish a duty on the part of Mr. McKenzie. Absent a showing of such a duty, the time at which Mr. McKenzie saw the horses is not a material issue of fact. We conclude that the discrepancy between the time given by Mr. McKenzie and that given by Mrs. Pinson is not a basis to deny summary judgment to the State.

We affirm the lower court's dismissal of the State from this action.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

5