No. 88-126

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

DENNIS B. PHILLIPS, BETTY PHILLIPS
AND OWEN HAKE,
    Plaintiffs and Appellants,

  -vs-

CITY OF BILLINGS,
    Defendant and Respondent,

  -vs-

JAMES BUFFALOHORN,
    Defendant.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
    In and for the County of Yellowstone,
    The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

    Mark D. Parker; Parker Law Firm, Billings, Montana

  For Respondent:

    Charles R. Cashmore; Crowley Law Firm, Billings,
    Montana
    Francis X. Lame Bull, Billings, Montana

---

Submitted on Briefs: June 16, 1988

Decided: August 11, 1988

Filed: AUG 11 1988

*Ethel M. Harrison*
Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

This appeal from the Thirteenth Judicial District involves appellants Phillips' and Hake's (Phillips) claims against the City of Billings (Billings) for the alleged negligence of two city police officers. The District Court granted summary judgment to Billings. We affirm.

The undisputed facts are as follows: At approximately 6:00 a.m., on February 28, 1986, a car driven by James Buffalohorn entered a Billings intersection against a red light and collided with a car occupied by "Dennis" Phillips and Owen Hake. Hake and Phillips suffered injuries as a result of the collision. Blood alcohol testing indicated that Buffalohorn was intoxicated at the time of the accident.

Approximately two hours prior to the accident, Billings police officers Randy Vogel and Keith Buxbaum had detained and questioned Buffalohorn in connection with a report made by motorist Shane Stamm. Prior to the report, sheriff's deputy Bill Michaelis had observed Stamm drive his vehicle off the road. Michaelis stopped Stamm and questioned him concerning the accident. Stamm told Michaelis that a light colored Pinto had swerved into his lane and forced him off the road.

Stamm's allegation was communicated to Officer Vogel, and Vogel began to search the area for the Pinto. Moments later he observed Buffalohorn and a companion standing next to a light colored Pinto parked on a Billings street. Vogel drove to the car, detained the two individuals, and performed a pat down search for weapons. Vogel noticed that the car had been recently driven. Buxbaum arrived with Stamm to identify the car. Stamm viewed the vehicle and insisted that the Pinto was not involved in the accident. Buxbaum and

Vogel deposed that they suspected Stamm was less than candid as to the other vehicle involved. They speculated that Stamm was actually to blame for his vehicle leaving the road, and that now that police had found the other vehicle, Stamm was unwilling to blame the individuals driving the car he had described to police.

Buxbaum and Vogel noticed alcohol on the breath of Buffalohorn and his companion. Buxbaum noticed pop and beer cans and other garbage in Buffalohorn's vehicle. The officers stated that Buffalohorn and his companion were polite and cooperative, and that even though they smelled of alcohol, neither appeared to be in a state of extreme intoxication. Buxbaum and Vogel also stated that they did not believe probable cause existed to arrest either individual for a DUI violation because neither was seen in control of the car. However, Buxbaum remembers Vogel telling the suspects to refrain from driving the car. The officers then returned to where Stamm ran off the road, investigated the accident, and cited Stamm for careless driving and failure to carry proof of insurance.

On these facts, the District Court granted summary judgment to Billings. The lower court reasoned that absent probable cause to arrest, no duty flowed from the officers to Phillips to protect Phillips from the actions of Buffalohorn. We agree.

The precise issue here is offered by respondent Billings: Did the District Court properly grant summary judgment on the grounds that probable cause to arrest was absent as a matter of law and no other source of legal duty exists? Appellant Phillips presents four issues for review. However, each issue presented by Phillips, as well as the various contentions under each issue, may be more clearly

3

discussed as contentions under the single issue offered by Billings.

The first made by Phillips is that the lower court failed to justify its decision under any theory of Montana tort law. This has no bearing on our resolution of the issue because this Court affirms district court decisions which are correct regardless of the lower court's reasoning in reaching its decision. Norwest Bank v. Murnion (Mont. 1984), 684 P.2d 1067, 1071, 41 St.Rep. 1132, 1136. Thus, this contention fails.

The second contention made by Phillips is that the District Court erred because it granted summary judgment by holding that the officers had no duty to Phillips beyond the mere duty to arrest Buffalohorn. Phillips presents the following conclusion from the District Court's memorandum:

> The court further concludes that under the circumstances as set forth herein that the police officers had no duty to stay with either the suspects or its [sic] vehicle beyond the time that they did nor did they have any duty to arrest the suspects or prevent them further from operating this vehicle.

Phillips, citing § 319 of the Restatement (Second) of Torts, argues that the officers had a duty to control the potentially dangerous actions of Buffalohorn. Section 319 of the Restatement (Second) of Torts, reads:

> One who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm.

Restatement (Second) of Torts, § 319 (1965) (emphasis added). We reject this argument because imposition of a duty under § 319 depends on an ability to control the third person.

4

Abernathy v. United States (8th Cir. 1985), 773 F.2d 184, 189. Thus, under the circumstances of this case, absent probable cause, no duty existed. See, e.g., Harris v. Smith (Cal.App. 1984), 157 Cal.App.3d 100, 203 Cal.Rptr. 541; Leake v. Cain (Colo.App. 1986), 720 P.2d 152.

Phillips contends liability may be predicated on a duty to investigate effectively because an effective investigation would have ripened into probable cause and resulted in arrest of Buffalohorn. We disagree. Closeness of the connection between the defendant's conduct and the injury suffered is a factor courts have considered in imposing a duty of due care. Harris, 203 Cal.Rptr. at 545. Here, the possibility that further investigation could have ripened into probable cause provides only a tenuous connection between the officer's conduct and Phillips' injuries. See, e.g., Harris, 203 Cal.Rptr. at 545; Leake, 720 P.2d at 161. Moreover, Phillips can only speculate as to how a more thorough investigation would have revealed probable cause to arrest. Thus, this contention fails.

Phillips argues the duty exists here because the risk was foreseeable. We disagree. Courts consider other factors in addition to foreseeability in deciding the existence of a duty. Harris, 203 Cal.Rptr. at 545. Some of these factors include: the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved. Harris, 203 Cal.Rptr. at 545. Thus, we refuse to find the duty here on the basis of foreseeability alone.

Phillips contends that the officers' duty to plaintiffs as members of the traveling public created a duty in this

case. The majority rule states that the general duty to protect does not give rise to liability for a particular individual's injury absent a greater duty imposed by a special relationship. See Annotation, Drunk Drivers: Duty to Arrest, 48 A.L.R.4th 320, 326. Under the facts of this case, we agree with the majority rule and refuse to find a duty based on the officers' general duty to protect the traveling public.

Phillips contends that the officers' duty to act with reasonable care under the circumstances exists as a duty apart from any specific duty, and thus summary judgment was improper. We disagree. See Whitfield v. Therriault Corp. (Mont. 1987), 745 P.2d 1126, 1128, 44 St.Rep. 1896, 1898. Without a showing that the officers had a duty to protect Phillips from danger posed by Buffalohorn, we conclude that the District Court properly granted summary judgment. Whitfield, 745 P.2d at 1128.

Phillips contends that the officers had probable cause to arrest Buffalohorn. We disagree. Stamm's failure to identify Buffalohorn and his vehicle, coupled with the lack of any other information indicating that Buffalohorn had operated the vehicle, constituted lack of probable cause to arrest Buffalohorn for DUI or any charge in connection with operation of the car.

Phillips contends that the presence of beer cans in the vehicle gave the officers probable cause to arrest for violation of the Billings open container ordinance. This connection is too tenuous to establish duty for failure to restrain Buffalohorn.

Phillips contends that summary judgment was improper under this Court's decision in Lindquist v. Moran (1983), 203 Mont. 268, 662 P.2d 281. The facts of this case distinguish Lindquist. In Lindquist the officers had the ability to

6

control the tortfeasor's operation of the vehicle in question. No such showing was made here.

Fourth amendment rights naturally compete with a police officer's duty to protect the public. Court's facing the issue we face today are wary to force police officers to choose between liability for failure to arrest, and liability for false arrest. Lack of probable cause denied the officers in this case the legal authority to arrest. Thus, we agree with the District Court that lack of probable cause demonstrates lack of a material fact question, and entitles Billings to judgment as a matter of law. Whitfield, 745 P.2d at 1128.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7