Carol M. HILL and Dan H. McDonald,
Guardian for Jessica McDonald, Minor
Child, Appellants (Plaintiffs),

v.

PARK COUNTY, Wyoming, By and
Through the BOARD OF COUNTY
COMMISSIONERS; and Thomas
Thompson, Appellees (Defendants).

No. 93–2.

Supreme Court of Wyoming.

July 16, 1993.

Jill E. Kucera of White & White, P.C.,
Riverton, for appellants.

Ann M. Rochelle of Williams, Porter, Day & Neville, Casper, for Park County, Wy.

Joseph B. Meyer, Atty. Gen., and Hugh Kenny, Sr. Asst. Atty. Gen., Cheyenne, for Thomas Thompson.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

TAYLOR, Justice.

Appellants, Carol M. Hill and Dan H. McDonald (guardian for Jessica McDonald), seek reversal of the district court's order granting appellees, Thomas Thompson and Park County, Wyoming, summary judgment. Appellants filed suit against Thomas Thompson and Park County alleging negligence by Thomas Thompson when he encountered a horse which had wandered near a roadway. We affirm.

Appellants present the following issues:

### A.

Whether Wyoming Statute Section 1–39–112 (1988) which provides an exception to governmental immunity, is applicable to the actions of Park County and Thomas Thompson?

### B.

Whether Deputy Sheriff Thomas Thompson and Park County had a duty to keep the public roadways of the county clear of livestock running at large, or at least a duty to warn motorists of the presence of a hazardous situation on such public highway?

### C.

Whether Wyoming Statute Section 11–20–119 (1989) is applicable to Deputy Sheriff Thomas Thompson's actions?

On December 5, 1990, Deputy Sheriff Thomas Thompson (Thompson), after completing his normal 8:00 a.m. to 5:00 p.m. shift as an investigator for the Park County Sheriff's office in Cody, Wyoming, joined his wife for dinner at a restaurant in Cody. Following dinner, Thompson departed to return to his home, located about twelve miles southwest of Cody on Southfork Road. Thompson was driving an unmarked vehicle issued to him by the Sheriff's office which had no special lights or other law enforcement equipment other than a police radio.

Approximately three miles from town, Thompson noticed what appeared to be a large animal standing next to a fence on the side of the road. Thompson slowed his vehicle and pulled into a turnout to confirm his observation. Once stopped, Thompson observed a horse standing within the right-of-way, next to a fence, grazing on tall grass.

Thompson radioed the Sheriff's dispatcher to report the horse and its location. He remained at the scene until the dispatcher radioed back and informed him that the horse's owner had been located and was coming to retrieve the horse. Upon receiving this information, Thompson continued home.

Shortly after Thompson's departure, Carol M. Hill's vehicle collided with the stray horse while travelling down Southfork Road. Between the time Thompson departed and the time of the collision, the horse had wandered approximately 200–300 yards from the location where it had been observed by Thompson. After impact with the horse, appellants' vehicle rolled down an embankment next to the roadway. Hill and Jessica McDonald were ejected and suffered serious injuries which required both emergency and extended medical treatment.

On December 11, 1991, appellants submitted a claim to the Park County Sheriff's office and the Board of County Commissioners of Park County seeking compensation for injuries caused by the collision with the horse. On April 22, 1992, appellants filed a complaint in the district court alleging that Thompson was negligent in failing to either corral the horse or warn oncoming motorists of the stray animal and that his negligence was the proximate cause of appellants' injuries. After answering the complaint by denying negligence, appellees filed a motion for summary judgment with

attached memoranda and affidavits. In reply, appellants filed memoranda in opposition to appellees' summary judgment motion and filed a motion for partial summary judgment with an attached affidavit.

After a hearing on the cross motions, the district court issued an order granting appellees' motion. Appellants challenge this order.

## I.

In its order, the district court held, in part:

3. Under the Governmental Claims Act, a governmental entity is entitled to immunity unless one of the statutory exceptions apply. There is no applicable exception. Wyoming Statutes § 1–39–112 (Rev.1988) only applies if peace officers are "acting within the scope of their duties." Thompson was off-duty and was not in the scope of any duties for Park County. The fact that it may be the practice of the Park County Sheriff's Office to assign vehicles to a specific officer, a fact this Court judicially noticed, does not make Thompson's actions on December 5, 1990 while driving that vehicle "within the scope of any duties" for Park County.

4. Thompson was a detective/investigator. Under the Law Enforcement Manual, Thompson was not charged with day-to-day routine law enforcement duties such as traffic control.

5. There is no liability for Thompson and for Park County as: there has been no duty established by the materials submitted by Plaintiffs [appellants]; there has been no showing of any breach of a duty by defendant Thompson; there has been no showing that any breach of a duty by Thompson proximately caused Plaintiffs' damages. There are no factual issues regarding the duty owed, breach of any duty by Thompson and proximate cause.

6. Wyoming Statutes § 11–20–119 (Rev.1989) is applicable. The statute in pertinent part states:

"No drover or other person who in good faith removes or attempts to remove livestock from any road, highway or right-of-way is liable for any civil damages for acts or omissions in good faith."

7. Officer Thompson acted reasonably under the circumstances.

Our oft-stated standard for review of summary judgment in negligence cases is:

[W]e examine the facts in the light most favorable to the party opposing the motion. * * * Even in cases arising out of alleged negligent conduct, a summary judgment is appropriate when no issue of material fact exists, and the moving party is entitled to judgment as a matter of law. * * * An issue of material fact exists when a disputed fact, if proven, would establish or refute an essential element of the cause of action or defense asserted by the parties.

*Brown v. Avery*, 850 P.2d 612, 614–15 (Wyo.1993). The parties agree that there are no issues of material fact remaining; therefore, we need only to determine whether appellees are "entitled to judgment as a matter of law." *Id.*

## II.

Appellants raise three issues. A ruling by this court for appellees on any one of the issues will support the district court's grant of summary judgment. We choose, initially, to address appellants' second argument, that appellees were negligent for failing in their alleged duty to keep public roadways in the county clear of livestock. Because we find that appellants failed to demonstrate any common law or statutory duty imposed on appellees, we need not address the issues concerning Wyo.Stat. § 1–39–112 (1988) and § 11–20–119 (1989).

"The elements of negligence are: (1) a duty, (2) a violation of that duty, (3) which is the proximate cause of, (4) injury to the plaintiff. * * * The determination of duty is a question of law for the court. If duty is not established, there is no actionable negligence." *MacKrell v. Bell H₂S Safety*, 795 P.2d 776, 779 (Wyo.1990) (citing *Thomas by Thomas v. South Cheyenne Water and Sewer Dist.*, 702 P.2d 1303, 1307 (Wyo. 1985)).

■ A duty, which may give rise to an action for negligence, is created by either common law or statute. *Dellapenta v. Dellapenta,* 838 P.2d 1153, 1160 (Wyo. 1992). Therefore, we must determine whether common law or any statute has imposed a duty on appellees.

■ Appellants have not cited any common law duty, nor can we locate such a duty, which requires an off-duty police officer to corral or warn traffic of stray animals on or near a public roadway. However, in Wyoming, the common law of negligence creates a general duty "to exercise the degree of care required of a reasonable person in light of all the circumstances." *McClellan v. Tottenhoff,* 666 P.2d 408, 411 (Wyo.1983).

■ We believe that the evidence presented demonstrates that reasonable care in these circumstances did not require Thompson to corral the horse or to warn oncoming traffic of its presence near the highway. The actions he took: (1) stopping; (2) alerting the Sheriff's department; and (3) verifying that the owner was on his way to retrieve the horse, were reasonable under the circumstances. Thompson's uncontradicted testimony was that he was off-duty; not equipped to attempt to corral the horse; the horse remained well off the road, next to a fence contentedly eating grass, when he left the scene; and the horse had wandered approximately 200–300 yards between the time he departed and the time the collision occurred.

Under similar facts, the Montana Supreme Court affirmed summary judgment in favor of the State of Montana and a highway department employee in *Whitfield v. Therriault Corp.,* 229 Mont. 195, 745 P.2d 1126 (1987). In *Whitfield,* the wife and children of a man killed in a collision with a horse on a Montana highway brought a wrongful death action against the state and the horse owners. It was alleged that the highway department acted negligently after discovering horses along the highway. The Montana court found that the employee had no duty beyond the actions taken and that he acted reasonably under the circumstances when he followed the animals until they exited the highway surface and then continued on his way. *Id.* 745 P.2d at 1127–28.

■ Appellants claim that the Wyoming statutes and/or the job description and law enforcement manual for the Park County Sheriff's office created duties which Thompson breached. Appellants cite several statutes which they believe impose certain duties on Thompson in these circumstances. First, appellants cite Wyo.Stat. § 24–1–107 (1977), which provides:

> Whenever a dangerous condition is prevailing upon or so near a public highway as to create a menace to public health or safety, members of the Wyoming highway patrol, police departments or sheriff offices *may* close any highway to traffic when necessary to protect the public from such danger. Whenever such closing of a highway is done the governmental agency having control over said highway shall be immediately notified of the reason of such closing and the location.

(Emphasis added.) This statute imposes no affirmative duty on Thompson. Instead, it gives peace officers the authority to close roadways when they become dangerous and is completely discretionary.

■ Second, appellants claim that Wyo. Stat. § 11–24–108(c) (1989) imposes a duty on Thompson. Wyo.Stat. § 11–24–108(c) provides, in part:

> Any sheriff, deputy sheriff, livestock brand inspector, or officer or patrolman of the Wyoming highway patrol, after notification to the owner of livestock described in subsection (a) of this section, if known, *shall* within four (4) hours remove the livestock from the public highway * * *.

(Emphasis added.) Appellants are correct that this section imposes a duty upon certain law enforcement personnel to remove stray livestock from a public highway within four hours after notifying the owner of the animal's location. However, without reaching the issue of whether Thompson was or was not a deputy sheriff, it is uncontested that four hours had not

elapsed from the time Thompson notified the Sheriff's office and the time of the collision. Therefore, Thompson did not breach the duty imposed by this statute.

 Appellants also argue that the law enforcement manual of the Park County Sheriff's office imposes duties on Thompson. Nowhere in the manual, nor in Thompson's job description, is there mention of particular action which should be taken when faced with stray livestock on a roadway. Instead, the manual and the job description employ general discretionary language, such as:

General responsibilities include taking appropriate action to:

   a. protect life and property;
   b. preserve the peace;
   c. prevent crime;

      \*    \*    \*    \*    \*    \*

   g. respond to all public emergencies.

The manual does not impose a duty to act in a particular way under circumstances such as those encountered by Thompson on this occasion.

### III.

Consequently, we affirm the district court's order granting summary judgment in favor of Thompson and Park County. No issues of material fact remain and appellees are entitled to judgment as a matter of law since appellants failed to establish that Thompson owed any duty beyond the actions taken by him in response to sighting the horse.

Petition for *review GRANTED.*