No. 93-406

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

LINDEY'S, INC., a Minnesota
Corporation,

      Plaintiff and Appellant,

-v-

PAT M. GOODOVER and GREG
MARTINSEN,

      Defendants and Respondents.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Paul Neal Cooley, Missoula, Montana

      For Respondents:

      Zane K. Sullivan, Sullivan & Tabaracci, Missoula,
Montana (Goodover); Sydney E. McKenna, Patterson,
Marsillo, Tornabene, Schuyler & McKenna, Missoula,
Montana (Martinsen)

FILED

MAR 2 8 1994

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  January 13, 1994

Decided:  March 28, 1994

_____
/Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from a grant of summary judgment by the Fourth Judicial District Court, Missoula County, to defendant Greg Martinsen. We affirm.

We consider the following issue on appeal:

Did the District Court err in granting summary judgment to Greg Martinsen?

This cause of action revolves around a boundary dispute concerning various lots located in the Seeley Lake area. Pat Goodover (Goodover) owns Lot 2 of the Seeley Lake Shore Sites. In an attempt to quiet title to this lot, Goodover hired Greg Martinsen (Martinsen) to locate the boundary between Lots 1 and 2. Adjoining Lot 2 are Lots 1 and 3 owned by Lindey's, Inc. (Lindey's)

Lindey's relied on the survey of R. David Schurian (Schurian) which resulted in different boundary lines for Lot 2. Goodover then filed a quiet title action in an attempt to settle the boundary dispute. The trial court accepted Martinsen's survey of Lot 2 over that of surveyor Schurian, both of whom testified at trial.

The trial court's decision was affirmed by this Court in Goodover v. Lindey's (1988), 232 Mont. 302, 757 P.2d 1290 (Goodover I) and again in Goodover v. Lindey's (1990), 246 Mont. 80, 802 P.2d 1258 (Goodover II). In Goodover v. Lindey's (1992), 255 Mont. 430, 843 P.2d 765 (Goodover III) we affirmed in part and reversed in part. We vacated a contempt order and reversed an award of

2

attorney's fees in Goodover v. Lindey's (1993), 257 Mont. 38, 847 P.2d 699 (Goodover IV).

Subsequent to the trial and appeals, Lindey's attempted to have Greg Martinsen, who had previously been hired by Goodover, survey Lots 1 and 3. Martinsen refused and Lindey's hired Gary Johnson, P.L.S., to conduct another survey of the same area plus the south half of Lot 5. According to Lindey's, Johnson discovered eight original monuments not found by Schurian or Martinsen. Lindey's then hired Terry Druyvestein to check the Johnson survey.

Based upon its belief that Druyvestein confirmed the Johnson survey, Lindey's filed suit to have the original decision regarding boundaries in this case set aside and for the court to recognize the eight newly discovered markers. Further, Lindey's sought to have Martinsen examine the new markers and to change the filing of his own survey concerning Lot 2. Martinsen refused to do either and in Count II of its latest petition Lindey's alleged that Martinsen was negligent--in not finding these original monuments when he previously surveyed Lot 2 for Goodover and for not revising the retracement survey of Lot 2 to include references to the newly discovered markers.

Martinsen filed a motion for summary judgment as to Count II of Lindey's complaint and a motion to sever. The District Court granted the motion to sever as well as the summary judgment finding that the issue concerning Lot 2's boundary was res judicata and also that Martinsen owed no duty to Lindey's to change his original survey.

3

Did the District Court err in granting summary judgment to Greg Martinsen?

Summary judgment is appropriate where no genuine issues of material facts exist and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. It is the burden of the moving party to demonstrate that no genuine issues exist. Portal Pipe Line v. Stonewall (1993), 50 St.Rep. 30. Once this burden is met, the burden shifts to the non-moving party to show that issues of fact do exist. Richland National Bank & Trust v. Swenson (1991), 249 Mont. 410, 816 P.2d 1045. Mere denial and speculation are not enough; the non-moving party must show facts sufficient to raise a genuine issue. Frigon v. Morrison-Maierle, Inc. (1988), 233 Mont. 113, 760 P.2d 57.

Here, Lindey's argues that Goodover's expert witness, surveyor Martinsen, was negligent in his initial survey of Lot 2 and again more recently in not reconsidering his original investigation as to the disputed boundary lines. Martinsen argues that the issue is res judicata and that he had no duty to Lindey's that would engender a claim of negligence. According to Martinsen, the trial court was correct in granting summary judgment.

Once again this action is before the Court in a fourth attempt to relitigate issues in a long, arduous, and protracted boundary dispute. The boundary line in question has been determined. We affirmed the trial court's determination in prior appeals and no matter what name Lindey's chooses to give the present action, what

4

it seeks with this fifth appeal is another chance to have the disputed boundary line reviewed.

The District Court determined that the issue of the boundary lines of Lot 2 was res judicata. With that, the court mischaracterizes the issue. But where the result reached by the court is correct, we will uphold it on appeal regardless of the reason given for it. Kephart v. Portman (1993), 259 Mont. 232, 855 P.2d 120. Here, the court was correct that the boundary line had been determined and any re-evaluation of that boundary line was prohibited. The facts of this case more nearly mirror estoppel by judgment.

Estoppel by judgment does not require that the parties to the lawsuit be the same as do the theories of res judicata or collateral estoppel. Estoppel by judgment requires only that: (1) the party adversely affected by estoppel has had a full and fair opportunity to litigate the critical issues; (2) the assertion of estoppel by a stranger to the original judgment would create analogous results in the latter case; (3) the party affected by estoppel has sound reasons why he or she should not be bound by the previous judgment; (4) the previous judgment was the result of thorough litigation; and (5) there was an appeal from the original judgment. Beckman v. Chamberlain (Mont. 1983), 673 P.2d 480, 481.

When we consider the first element within the context of this case, we are satisfied that Lindey's had a chance to fully and fairly litigate the issue of this boundary line. They provided their own expert at the trial who having surveyed the property

5

testified to his conclusions. Further, element two is satisfied. Any other person not connected with that first trial would be forbidden by law to relitigate the boundary line.

Also, element three's requirement that the party affected by estoppel have sound reasons why he or she should not be bound by the previous judgment is clearly satisfied here. Lindey's presents what superficially appears to be legitimate reasons for a change in the previous boundary. Lindey's argues that it is Martinsen's professional responsibility to change his initial report for the record. This is based on the assumption that Martinsen's initial report was in error. However, this has never been legally proven.

Element four requires that the previous judgment came about after thorough litigation. We have considered closely, on several occasions, the record of the trial litigation in this case. There the District Court considered testimony by both Lindey's and Goodover's experts, both of whom had surveyed the area in contention. The court chose to give more weight to Martinsen's testimony. It was within the court's discretion to so weigh the various testimony at trial.

Element five adds the prerequisite of an already settled appeal from the original decision. Here, Lindey's appealed the District Court's decision to this Court in Goodover I and attempted to do so again in Goodover II. In Goodover II we found the issue of the boundary line to be res judicata and would not consider other cleverly disguised arguments concerning it.

The difference between the theory of law in <u>Goodover II</u> and that in the present case is that the parties to the present action are different from those in the original litigation. Yet even though Lindey's characterizes the current action as one in negligence by a party not mentioned in <u>Goodover I</u>, the current action remains an attempt to relitigate this boundary.

The District Court granted Martinsen's motion for summary judgment and determined that Martinsen had no legal duty to Lindey's. In order to present a cause of action for negligence, Lindey's has to show duty, breach of duty, causation, and injury. Whitfield v. Therriault Corp. (1987), 229 Mont. 195, 745 P.2d 1126. It was Lindey's burden to prove that as a professional, Martinsen owed him a duty and that as a professional, Martinsen failed to live up to that duty. Merzlak v. Purcell (1992), 252 Mont. 527, 830 P.2d 1278.

Lindey's asserts, without authority, that Martinsen has a duty to change his filed survey to include the eight relevant primary markers subsequently found by Johnson. The unsubstantiated argument here is that as a surveyor, Martinsen is negligent because he has an ongoing duty to change a survey if it is in error. First of all, the idea that Martinsen's first survey was error is not a legally determined fact. Further, Lindey's contends that Martinsen had a general duty to anyone affected by his survey.

As a surveyor, Martinsen's legal duty was to complete the survey using the best evidence available to him according to accepted rules and regulations. Yellowstone Basin Properties, Inc.

7

v. Ron Burgess (1992), 255 Mont. 341, 843 P.2d 341. The trial court considered Martinsen's professional sources of rules and regulations and determined that his testimony concerning the survey was more accurate than that of Lindey's expert. We affirmed this evaluation in Goodover I stating that substantial credible evidence existed for the court's conclusion. Goodover I, 232 Mont. at 311, 757 P.2d at 1296. The District Court in the present appeal also determined that Martinsen's evidence at trial was "the best reliable evidence."

We conclude that Lindey's has failed to sustain its burden to show that an issue of material facts exists or that Martinsen owed it a legal duty. If no duty exists, there can be no tort of negligence. Thornock v. State (1987), 229 Mont. 67, 745 P.2d 324. We further conclude, that the issue of the boundary line has already been litigated and estoppel by judgment will prevent its re-litigation.

We hold that the District Court did not err in granting summary judgment to Greg Martinsen.

Affirmed.

_____
Justice

We Concur:

_____

_____

_____
Justices

March 28, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Paul Neal Cooley, Esq.
Skelton & Cooley
101 E. Main
Missoula, MT  59802

Zane K. Sullivan, Esq.
Sullivan & Tabaracci
430 Ryman
Missoula, MT  59802

Sydney E. McKenna, Esq.
Patterson, Marsillo, Tornabene, Schuyler & McKenna
103 So. 5th E.
Missoula, MT  59801

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy