No. 95-066

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

J. BRIAN TIERNEY, individually and
J. BRIAN TIERNEY, ESQ., as a duly
licensed attorney in the State of Montana
and as designated and acting legal counsel
for and on behalf of one IDA M. MILLS,

       Plaintiff & Appellant,

  v.

KEITH TOKERUD, ESQ., and MICHAEL L. FANNING,
ESQ., and SCOTT & TOKERUD, a law partnership,

       Defendants & Respondents.

FILED

JUL 06 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the First Judicial District,
                 In and for the County of Lewis and Clark,
                 The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

         J. Brian Tierney, Pro Se, Butte, Montana

      For Respondents:

         R. D. Corette and Marshal L. Mickelson,
         Corette Pohlman Allen Black & Carlson
         Butte, Montana

                         Submitted on Briefs:  May 25, 1995

                                 Decided:  July 6, 1995

Filed:

                     _____
                           Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The plaintiff, J. Brian Tierney, filed an amended complaint in the District Court for the First Judicial District in Lewis & Clark County, in which he named Keith Tokerud, Michael L. Fanning, and Scott & Tokerud as defendants. The alleged bases for his amended complaint were professional negligence; breach of the implied covenant of good faith and fair dealing; fraud, deceit, and misrepresentation; and deprivation of his civil rights. The District Court dismissed Tierney's complaint based on improper venue. We affirm the District Court's dismissal of Tierney's complaint, however, for reasons other than those set forth by the District Court.

We find the following issue dispositive on appeal:

Did Tierney's complaint state any cause of action for which relief could be granted?

### FACTUAL BACKGROUND

On December 28, 1994, Tierney filed an amended complaint against Keith Tokerud, Michael Fanning, and Scott & Tokerud. His complaint was based on his referral of a client, Ida Mills, to Tokerud. Tierney alleged that the defendants represented Mills negligently; that they breached the duty of good faith and fair dealing owed to him as the referring attorney; that defendants committed fraud, deceit, and misrepresentation; and that defendants deprived him of his civil rights in violation of 42 U.S.C. § 1983.

2

On January 17, 1995, defendants filed a motion to dismiss Tierney's amended complaint for failure to state a claim on which relief could be granted.

On January 31, 1995, the District Court dismissed Tierney's complaint based on improper venue.

DISCUSSION

Did Tierney's complaint state any cause of action for which relief could be granted?

We review a district court's conclusions of law to determine whether they are correct. *In re Marriage of Barnard* (1994), 264 Mont. 103, 106, 870 P.2d 91, 93, 51 St. Rep. 173, 174 (citing *In re Marriage of Burris* (1993), 258 Mont. 265, 269, 852 P.2d 616, 619).

Tierney argues that the District Court erred when it concluded that venue was improper in Lewis and Clark County. He contends that Lewis and Clark County is one of the proper locations for venue because the court has jurisdiction and defendants did not move for a change of venue.

Defendants agree that the District Court erred when it dismissed the amended complaint because of improper venue, but argue that we should affirm the District Court on other grounds.

Section 25-2-201(1), MCA, provides that when the county designated in the complaint is not the proper county for trial, the court must, on motion, change the place of trial. However, there is no provision for dismissal of an action over which the district court has jurisdiction because venue is more appropriate in another county.

3

defendants had no duty of good faith and fair dealing which was breached. Therefore, we affirm the District Court's dismissal of Count II of the amended complaint.

Count III alleges fraud. Defendants argue that Tierney did not follow the pleading requirements for fraud found in Rule 9(b), M.R.Civ.P. Defendants contend that Tierney has not pled any facts in support of the nine elements of fraud. They cite *C. Haydon Ltd. v. Montana Mining Properties* (1993), 262 Mont. 321, 864 P.2d 1253, which requires that a complaint alleging fraud must be specifically pled. Tierney has not specifically pled facts in support of Count III. Therefore, we affirm the District Court's dismissal of this claim.

In Count IV, Tierney alleged that defendants violated his civil rights and were liable pursuant to 42 U.S.C. § 1983 because, as attorneys, they were officers of the court and were acting under "color of law." Defendants argue that the scope of § 1983 is limited to deprivation of rights accomplished by actions under "color of law"; that this statute does not reach purely private conduct; and that an attorney is not acting under "color of law" merely because he or she is an officer of the court. *Moss v. Varian* (N.D. Ohio 1982), 537 F. Supp. 711, 712. Therefore, defendants contend that there is no basis for the § 1983 claim against them. We agree and conclude that for this reason Count IV was properly dismissed.

We held in *Lindey's, Inc. v. Goodover* (1994), 264 Mont. 449, 453, 872 P.2d 764, 766, that "where the result reached by the court is correct, we will uphold it on appeal regardless of the reason given

5

for it." (Citing *Kephart v. Portman* (1993), 259 Mont. 232, 855 P.2d 120.)

We conclude that the District Court should not have dismissed Tierney's complaint based on improper venue, but was correct when it dismissed the complaint for the reasons previously set forth in this opinion.

The judgment of the District Court is affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6