108 F.3d 338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dale KING, Plaintiff-Appellant,
v.
BUREAU OF INDIAN AFFAIRS, U.S. DEPARTMENT OF INTERIOR; Jay
Brugh, Defendants-Appellees.
 No. 96-35080.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 5, 1997.
Decided Feb. 20, 1997.
 
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dale King appeals from the district court's grant of summary judgment on his Federal Tort Claims Act claim against the Bureau of Indian Affairs and the dismissal of his Bivens claim against BIA police officer Jay Brugh. The district court had jurisdiction under 28 U.S.C. § 1346. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 * King argues that the district court should not have granted the BIA's motion to strike his attorney's affidavits, but it did not err because the affidavits were not based on personal knowledge of the facts alleged, and the attached documents were not authenticated, as they must be under Rule 56(e). United States v. Dibble, 429 F.2d 598, 601-02 (9th Cir.1970). Nor was the government's motion to strike untimely, as King argues citing Long v. Director, OWCP, 767 F.2d 1578 (9th Cir.1985). Long holds only that a party may not object to an affidavit for the first time on appeal. Id. at 1593.
 
 II
 
 4
 King argues that the district court erred in holding Brugh owed no tort duty to King under Montana tort law. We disagree.
 
 
 5
 In Phillips v. City of Billings, 758 P.2d 772 (Mont.1988), the Supreme Court of Montana adopted the majority rule and refused to find a duty based on an officer's general duty to protect the traveling public. "[A]bsent a greater duty imposed by a special relationship," id. at 775 (citing 48 A.L.R.4th 320, 326), Brugh had no duty to protect King from danger posed by Crazy Bull. There is no evidence of such a special relationship in this case; the fact that Brugh had arrested both Crazy Bull and King on numerous occasions in the past fails to establish a special relationship, since the relationship and duty must arise directly from the situation that leads to injury. Here, Brugh had neither stopped nor detained Crazy Bull, and he had taken no steps to put Crazy Bull in control of the vehicle. The mere possibility that trying to pull the car over would have led to detaining Crazy Bull and thus have avoided a foreseeable risk of danger to King does not suffice under Phillips.
 
 
 6
 None of the later Montana cases upon which King relies creates a duty to arrest; they hold only that the officers involved in those cases had authority to arrest, not a duty to. Without a showing that Brugh had a tort duty to protect King, the district court properly granted summary judgment.
 
 III
 
 7
 King cannot pursue a Bivens claim against Brugh even though his amended complaint alleges intentional acts by Brugh, because Brugh owed no duty under the Due Process Clause to protect a member of the general public whom the officer does not have in custody and has not affirmatively placed in danger. DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195-201 (1989); L.W. v. Grubbs, 974 F.2d 119, 121 (9th Cir.1992); cf. Wood v. Ostrander, 879 F.2d 583, 586, 588 (9th Cir.1989) (pre-DeShaney case imposing duty because police officer placed plaintiff in danger). Brugh had no such contact with King in this incident. Since Brugh had no duty to protect King, it makes no difference whether Brugh acted intentionally or negligently.
 
 
 8
 DeShaney is not distinguishable on the grounds urged by King, that it arose under 42 U.S.C. § 1983 and that the harm there was proximately caused by a private actor. DeShaney 's holding on constitutional law plainly applies in a Bivens action, and because King was injured when Nathan Crazy Bull, a private actor, crashed the car, King has no constitutional claim.
 
 IV
 
 9
 King's request for attorneys' fees is denied.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3