FILED

October 20 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0150

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 345

BLACKTAIL MOUNTAIN RANCH,
CO., LLC,

        Plaintiff and Appellant,

      v.

STATE OF MONTANA, DEPARTMENT
OF NATURAL RESOURCES AND
CONSERVATION,

        Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDV 08-542
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Ronald F. Waterman, Julie A. Johnson; Gough, Shanahan,
Johnson & Waterman, PLLP; Helena, Montana

        For Appellee:

            Elizabeth S. Baker; Hughes, Kellner, Sullivan & Alke, PLLP;
Helena, Montana

Submitted on Briefs:  September 16, 2009

Decided:  October 20, 2009

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Blacktail Mountain Ranch Co. LLC (Blacktail) appeals from the order of the District Court for the First Judicial District, Lewis and Clark County, granting summary judgment in favor of the Montana Department of Natural Resources and Conservation (DNRC). We affirm.

¶2 We consider the following dispositive issue on appeal:

¶3 Whether the District Court erred in holding that DNRC had probable cause to institute an administrative proceeding to revoke Blacktail's water use permit.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 In June 2008 Blacktail sued DNRC for malicious prosecution. The antecedent to this suit was DNRC's instituting an administrative proceeding to revoke Blacktail's water use permit No. 76LJ-27326. DNRC had issued the permit to one of Blacktail's predecessors in interest in 1979 for the construction of a fish pond. The predecessor in interest completed the pond in 1982 and maintained it until 1998, when he sold the property. The permit contained five conditions, the fourth of which provided: "Subject to diversion from the stream and back to the stream by pipeline with measuring devices on each pipeline, with records kept and submitted to the department once each year. Equal amounts of water to be returned to the stream as are being diverted." Blacktail purchased the water right in 2001.

¶5 In response to a complaint by downstream users, DNRC began investigating seepage and evaporation problems with the pond in 2003. This prompted Blacktail to

2

employ a hydrology consulting firm, RLK Hydro Inc. (RLK), to evaluate the pond. RLK found that the pond received 150 gallons per minute (gpm) inflow, but had no outflow returning to the stream. Consequently, Blacktail attempted to patch leaks in the pond's clay liner with Bentonite and polymer. The patching reduced water loss, but did not eliminate seepage of approximately 30 gpm. Subsequently, in February 2006 DNRC issued an order to show cause and a notice of revocation for failure to comply with the conditions of the water use permit. After the show cause hearing, the hearing examiner did not issue a decision within the 90 day period required by § 2-4-623(1)(a), MCA, and Blacktail filed a motion for dismissal with prejudice. DNRC did not oppose dismissal, but argued that it should be without prejudice because Blacktail was still not in compliance with the conditions of its water use permit. In November 2006, over Blacktail's objection, the hearing officer dismissed the revocation action without prejudice.

¶6    In June 2008 Blacktail turned the tables and filed the present suit for malicious prosecution. DNRC did not file an answer, but immediately moved for summary judgment on the basis of prosecutorial and quasi-judicial immunity. Blacktail opposed this motion, arguing that prosecutorial and quasi-judicial immunity did not apply and that, if applied, these doctrines of immunity would violate Article II, section 18 of the Constitution of the State of Montana, which abolishes sovereign immunity. The District Court granted DNRC's motion under two rationales: first, that Blacktail did not raise any

3

genuine issues of material fact as to one of the elements of its malicious prosecution claim; and second, that DNRC's actions were quasi-judicial and thus immune from suit.

**STANDARD OF REVIEW**

¶7     We review a district court's grant of summary judgment de novo to determine if it complied with Rule 56, M. R. Civ. P. *Natl. Cas. Co. v. Am. Bankers Ins. Co. of Fla.,* 2001 MT 28, ¶ 13, 304 Mont. 163, 19 P.3d 223. Viewing the evidence in the light most favorable to the non-moving party and indulging all reasonable inferences in that party's favor, a court correctly grants summary judgment when the evidence presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c); *Peyatt v. Moore,* 2004 MT 341, ¶ 13, 324 Mont. 249, 102 P.3d 535. Summary judgment is proper when a non-moving party fails to make a showing sufficient to establish the existence of an essential element of its case on which it bears the burden of proof at trial. *See Bickler v. Racquet Club Heights Assocs.,* 258 Mont. 19, 23, 850 P.2d 967, 970 (1993).

**DISCUSSION**

¶8     *Whether the District Court erred in holding that DNRC had probable cause to institute an administrative proceeding to revoke Blacktail's water use permit.*

¶9     The parties direct the bulk of their briefing to the issue of immunity. Nevertheless, we find the issue of whether Blacktail can establish the necessary elements of malicious prosecution to be dispositive.

¶10    To prevail on a claim of malicious prosecution, a plaintiff must prove:

> (1) a judicial proceeding was commenced and prosecuted against the plaintiff;
> (2) the defendant was responsible for instigating, prosecuting or continuing such proceeding;
> (3) there was a lack of probable cause for the defendant's acts;
> (4) the defendant was actuated by malice;
> (5) the judicial proceeding terminated favorably for plaintiff; and
> (6) the plaintiff suffered damage.

*Plouffe v. Mont. Dept. of Pub. Health & Human Servs.*, 2002 MT 64, ¶ 16, 309 Mont. 184, 45 P.3d 10. Here, we need only address the third of these elements, probable cause.

¶11    We have defined probable cause as "reasonable grounds for suspicion, supported by circumstances reasonably strong in themselves to warrant a reasonably prudent and cautious [person] to believe that the accused is guilty of the offense charged." *Plouffe*, ¶ 18 (quoting *Reece v. Pierce Flooring*, 194 Mont. 91, 97, 634 P.2d 640, 643 (1981)). The finding of probable cause is based on the totality of the circumstances. *Plouffe*, ¶ 19. While typically a jury question, the determination of probable cause becomes a question of law for a court to decide when there is no conflict of evidence and the evidence "admits only one conclusion." *Plouffe*, ¶ 18.

¶12    Here, DNRC brought its revocation action against Blacktail pursuant to § 85-2-314, MCA. This section provides in relevant part that "if the [water use] permit . . . is otherwise not being followed, the department may, after notice, require the permittee . . . to show cause why the permit . . . should not be modified or revoked." Section 85-2-314, MCA. Blacktail's water use permit required "[e]qual amounts of water to be returned to the stream as are being diverted." The uncontradicted evidence before the District Court

5

indicated that 150 gpm was being diverted into the fish pond. Initially, no water was being returned to the stream due to evaporation and seepage, and after Blacktail's repairs, 30 gpm was still being lost due to seepage and, thus, not returning to the stream. This evidence is uncontradicted and admits only one conclusion: that the amount of water returning to the stream did not equal the amount of water being diverted into the fish pond. As a matter of law, this constituted probable cause for DNRC to seek to revoke Blacktail's water use permit under § 85-2-314, MCA, for not following the conditions of the permit. Thus, Blacktail could not prove an essential element of its malicious prosecution claim. Summary judgment for DNRC was therefore appropriate.

¶13 In opposition to this conclusion, Blacktail argues that there is a genuine dispute as to whether it violated its permit because any seepage from the fish pond returned to the "source." This argument, however, falters on the language of Blacktail's water use permit. The permit requires the return flow to be "to the stream by pipeline with measuring devices." Thus, contrary to Blacktail's suggestion, it would not be enough for the water lost to seepage to return eventually to the stream through some natural, subterranean hydrologic connection. Consequently, we find no merit to this argument.

¶14 Blacktail next argues that the District Court erroneously failed to draw all inferences in Blacktail's favor, given its status as the non-moving party. First, we note that the District Court was not required to draw all inferences in favor of the non-moving party, but only those that are reasonable. *Peyatt*, ¶ 13. More importantly and contrary to Rule 12(9), M. R. App. P., Blacktail does not direct the Court to any facts in the record

from which reasonable inferences could be drawn that would defeat summary judgment. In the absence of any genuine issues as to material facts, there is no basis for reversing the summary judgment. *Schwabe v. Custer's Inn Assocs.*, 2000 MT 325, ¶ 48, 303 Mont. 15, 15 P.3d 903, *overruled on other grounds*, *Giambra v. Kelsey*, 2007 MT 158, ¶ 27, 338 Mont. 19, 162 P.3d 134.

¶15 For the foregoing reasons we affirm the District Court's order granting summary judgment. Because Blacktail's inability to raise genuine issues of material fact that DNRC lacked probable cause is an independent and sufficient basis for entry of summary judgment, we need not address the arguments surrounding prosecutorial and quasi-judicial immunity.

¶16 Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE