FILED

12/31/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0215

DA 24-0215

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 325N

JACQUELYN M. HUGHES,

     Plaintiff and Appellant,

  v.

ERIC L. ANDERSON and
MIDCENTURY INSURANCE COMPANY,

     Defendants and Appellees.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
                 In and For the County of Yellowstone, Cause No. DV-56-2020-635
                 Honorable Mary Jane Knisely, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

     Jacquelyn M. Hughes, Hughes Law, P.L.C.C., Billings, Montana

     For Appellee Eric L. Anderson:

     Calvin J. Stacey, Morgan M. Sorena, Stacey & Funyak, Billings,
     Montana

Submitted on Briefs:  December 18, 2024

Decided:  December 31, 2024

Filed:

                                _____
                                     Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jacquelyn M. Hughes appeals from the Thirteenth Judicial District Court, Yellowstone County's order granting Eric L. Anderson's motion for summary judgment. We affirm.

¶3 Hughes and Anderson, both Montana residents, were involved in an accident in North Dakota in April 2014. Anderson was driving and Hughes was the passenger. Anderson rolled the car when he swerved to miss hitting a deer.[1] Within three weeks of the accident, Hughes began experiencing painful outbreaks of hives. Hughes sought treatment from June 2014 to November 2014 at the Billings Clinic, where her doctor told her that the hives could be the result of trauma from the accident. Hughes decided to seek further medical treatment before filing a claim against Anderson's insurance. Hughes and Anderson discussed which statute of limitations would apply to such a claim and agreed that North Dakota's six-year statute of limitations applied. Hughes's symptoms worsened,

---

[1] The parties dispute facts relevant to the cause of the accident and the discussions the parties had following the accident. Because this is an appeal of the District Court's grant of summary judgment, we view any disputed facts in the light most favorable to Hughes as the non-moving party. *See Blacktail Mt. Ranch, Co., LLC v. State*, 2009 MT 345, ¶ 7, 353 Mont. 149, 220 P.3d 388 ("Viewing the evidence in the light most favorable to the non-moving party and indulging all reasonable inferences in that party's favor, a court correctly grants summary judgment when the evidence presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.").

and she saw several more doctors for treatment. On September 10, 2019, she was diagnosed with fibromyalgia, which her doctors confirmed could have been caused by the accident.

¶4 Hughes filed a complaint against Anderson on April 23, 2020, alleging that he had negligently caused her condition. Anderson moved for summary judgment, arguing that Hughes's claim was governed by Montana substantive law and barred by the applicable statute of limitations. Hughes responded, arguing, among other things, that the statute of limitations did not bar her claim because she did not know the cause of her condition until September 10, 2019, and that Anderson was equitably estopped from raising the Montana statute of limitations because he had agreed that the North Dakota statute of limitations should apply.

¶5 The District Court granted Anderson's motion. It held that Montana law applied to Hughes's claim and that Montana's three-year statute of limitations had run prior to Hughes filing her complaint. The District Court noted that there was no dispute that "all of [Hughes's] treatment providers accepted that her immediate injury and symptoms were the product of the accident," so the nature of her injuries was not self-concealing. The District Court determined that Anderson was not equitably estopped from raising a statute of limitations defense because "[a]t best, he agreed to a legal conclusion that he believed to be correct" and did not make any "misrepresentations of fact."

¶6 We review a district court's grant of summary judgment de novo. *Nelson v. Nelson*, 2002 MT 151, ¶ 9, 310 Mont. 329, 50 P.3d 139.

¶7     Hughes argues that the District Court erred when it determined that the statute of limitations was not tolled by either the self-concealing nature of her injuries or equitable estoppel.  Anderson responds that Hughes's injuries were not self-concealing and that Anderson did not make a material representation of fact to Hughes.[2]

¶8     The statute of limitations in Montana in an action for negligence is three years.  Section 27-2-204(1), MCA.  The limitations period does not begin to run on "any claim . . . for an injury to person . . . until the facts constituting the claim have been discovered or . . . should have been discovered by the injured party if . . . the facts constituting the claim are by their nature concealed or self-concealing."  Section 27-2-102(3), MCA.  Hughes argues that the nature of her injuries was self-concealing because she was not diagnosed with fibromyalgia until approximately five years after the accident.  She cites to our decisions in *Nelson* and *Hando v. PPG Indus.*, 236 Mont. 493, 771 P.2d 956 (1989) in support of her argument.

¶9     In *Hando*, a mine employee, Hando, suffered from several, long-term medical conditions after being exposed to a petroleum-based paint at work.  *Hando*, 236 Mont. at 495-96, 771 P.2d at 958.  She suspected that these conditions were related to the paint exposure, which ended in 1982, but did not receive a medical diagnosis tying the conditions to the exposure until May 1984.  *Hando*, 236 Mont. at 495-96, 771 P.2d at 958.  More than three years passed between Hando's final exposure and the day she filed her claim, but the

---

[2] Anderson also moved to strike certain portions of Hughes's Reply Brief, which we took under advisement pending our full consideration of this appeal.  Because we do not rely on the portions of Hughes's Reply Brief that Anderson takes issue with, we need not consider the merits of Anderson's motion to strike.

district court held that claims relating to the 1982 exposure were not barred by the statute of limitations because the nature of Hando's injuries was self-concealing. *Hando*, 236 Mont. at 500, 771 P.2d at 961. We affirmed, holding that "although Hando was very much aware of those continuing physical, emotional and mental ailments she suffered after her exposure to the paint, she did not *know* the cause of those injuries until May of 1984." *Hando*, 236 Mont. at 501, 771 P.2d at 962 (emphasis added).

¶10 In *Nelson*, Nelson was accidentally injected with a bovine vaccine that caused her to suffer numerous, long-term physical conditions. *Nelson*, ¶ 3. She was injected in July 1989, but because of her frequent exposure to various pesticides, neither Nelson nor her physicians were sure what was causing her symptoms. *Nelson*, ¶ 5. It was not until 1995 that one physician discovered the connection between her illnesses and the vaccine she had been injected with. *Nelson*, ¶ 5. The district court held that claims related to the 1989 injection were barred by the statute of limitations, but we reversed, holding that even though Nelson "suspected the cause of her injuries and diligently sought medical treatment and diagnosis, [she] was [not] certain of the causal relationship[] until later confirmed by a physician." *Nelson*, ¶ 18.

¶11 Hughes's reliance on *Hando* and *Nelson* is misplaced. Those cases both involved plaintiffs suffering from conditions whose causes doctors could not determine for several years. This case involves a plaintiff suffering from a condition her doctor related to the accident within seven months after the accident, even if the exact condition was not diagnosed until sometime later. Hughes's doctor at the Billings Clinic told her by

November 2014 that there was a causal link between her symptoms and the accident. The only thing that changed between November 2014 and September 2019 was the specific diagnosis, not her doctors' assertions that the accident could have caused the condition. "[T]here is no Montana precedent for utilizing the discovery doctrine to toll the statute of limitations beyond the discovery of the cause of an injury." *Norbeck v. Flathead Cnty.*, 2019 MT 84, ¶ 24, 395 Mont. 294, 438 P.3d 811 (quoting *E.W. v. D.C.H.*, 231 Mont. 481, 486, 754 P.2d 817, 820 (1988)). That Hughes wanted a more accurate diagnosis of her condition did not mean that the cause of her injury was concealed or self-concealing. The District Court did not err when it determined that Hughes was not entitled to a tolling of the statute of limitations on the basis that her condition was self-concealing.

¶12    Hughes argues in the alternative that even if her injury was not self-concealing, Anderson is equitably estopped from raising a statute of limitations defense because he agreed that North Dakota's six-year statute of limitations applied to her claim. In order to prove equitable estoppel, a party must show:

> 1. the existence of conduct, acts, language, or silence amounting to a representation or a concealment of a material fact; 2. these facts must be known to the party estopped at the time of his conduct, or at least the circumstances must be such that knowledge of them is necessarily imputed to him; 3. the truth concerning these facts must be unknown to the other party claiming the benefit of the estoppel at the time it was acted upon by him; 4. the conduct must be done with the intention, or at least the expectation, that it will be acted upon by the other party, or under circumstances both natural and probable that it will be so acted upon; 5. the conduct must be relied upon by the other party and, thus relying, he must be led to act upon it; and 6. he must in fact act upon it in such a manner as to change his position for the worse.

*Elk Park Ranch v. Park Cnty.*, 282 Mont. 154, 165, 935 P.2d 1131, 1137-38 (1997) (quoting *Dagel v. City of Great Falls*, 250 Mont. 224, 234-35, 819 P.2d 186, 192-93 (1991)). "Because the imposition of equitable estoppel is premised on a misrepresentation of *fact*, it is inapplicable when . . . the conduct complained of consists solely of legal representations." *Elk Park Ranch*, 282 Mont. at 166, 935 P.2d at 1138 (emphasis in original). There were no *facts* in this case that were known to Anderson and unknown to Hughes. Whether North Dakota's or Montana's statute of limitations applied to the claim is a question of law. *See Mowrer v. Eddie*, 1999 MT 73, ¶ 26, 294 Mont. 35, 979 P.2d 156. Even assuming for the sake of argument that Anderson, a non-attorney, "represented" to Hughes, an attorney, that North Dakota's statute of limitations would apply to any claim resulting from the accident, such a representation would be one of law, not fact. The District Court did not err when it determined that Anderson was not barred from raising a statute of limitations defense under Montana law.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. Affirmed.

/S/ JAMES JEREMIAH SHEA

7

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE


Justice Ingrid Gustafson recused herself and did not take part in this Opinion.